---

## In re COLE.

(District Court, W. D. New York. March 15, 1901.)

### No. 463.

BANKRUPTCY—ACTION FOR FRAUDULENT REPRESENTATIONS—INJUNCTION.

An action against a bankrupt for defrauding plaintiff by false representations will not be stayed, the judgment, if obtained, being one which will not be discharged in bankruptcy; Bankr. Act 1898, § 17, subsec. 2, excepting from the claims from which a discharge in bankruptcy will release a bankrupt judgments in actions for fraud, or obtaining property by false pretenses.

In Bankruptcy.

C. A. Dolson, for petitioner.
Randall, Hurley & Porter, for Charlotte A. Bridgewood.

HAZEL, District Judge. This is an application to stay proceedings in an action brought against the bankrupt in the supreme court of the state of New York. The pleadings in that action come before me as part of the motion papers. It is admitted on argument that the action is brought to recover damages for an alleged fraud. It also appears that the action is now on the day calendar of the supreme court of this state at Buffalo, and plaintiff is pressing a trial. The petitioner was adjudicated bankrupt on his own petition on the 8th day of March, 1901, after the action now sought to be stayed was on the calendar of the court for trial. The schedule of the bankrupt lists the claim of the plaintiff in the pending action for fraud, and refers thereto as "an alleged claim against petitioner and others, growing out of transactions in real estate, which said claim is unliquidated, and is contested by petitioner." It is claimed by the plaintiff in her complaint that the bankrupt has, by fraudulent representations, defrauded her out of certain real estate in the complaint described, to her damage of $8,000. If plaintiff is permitted to pro-

ceed, and is successful in securing a judgment, it is clear that her judgment would not be dischargeable in bankruptcy, under Bankr. Act, § 17, subsec. 2. It is strongly urged that the claim as set out in the schedule is provable, and is not within the exceptions mentioned in section 17, and that it may be liquidated by order of this court, as provided by section 63b; that this claim or debt is as yet simply a cause of action, if anything, and, not having been reduced to judgment, could be proved and is dischargeable in bankruptcy. I have examined In re Rhutassel (D. C.) 96 Fed. 597, and other authorities cited by counsel, but I am unable to convince myself that congress intended that a claim of this nature—one arising from the fraud of the bankrupt—is dischargeable in bankruptcy, when concededly a judgment for a claim of this character is not released by a discharge. I am disposed to agree with the opinion of Judge Brown, as expressed in Re Lewensohn (D. C.) 99 Fed. 73: "If a judgment is necessary to prevent discharge from barring the debt, a prosecution of the suit to judgment should be allowed, since the essential nature of the claim, if the charges of false representation are sustained, makes it one which evidently was not designed to be barred." The case of Burnham v. Pidcock, 5 Am. Bankr. R. 42, 66 N. Y. Supp. 806, and the views therein expressed, do not seem at variance with this determination. In that case the claim sought to be exempted from the operation of the discharge was upon a judgment obtained in an action for conversion, and the court said that it is not necessarily one rendered in an action either for fraud or willful and malicious injuries to the person or property of another, within the meaning of the act. "Although," Judge McAdam said, "the plaintiff's claim may have been created by the fraud of the defendant, * * * the judgment was apparently not rendered in a cause of action for fraud." The court being strongly of the opinion that the view of the law here expressed is correct, it is unnecessary to a proper disposition of this motion to discuss the other points raised by counsel, and ably presented by him. If any judgment be recovered in the state court, it is clearly exempted from the operation of the act; and, whether or not subsection 4 of section 17 should be construed so broadly as to include frauds in general, the plaintiff Bridgewood is entitled to bring her claim within the scope of subsection 2, by merging her claim for fraud into a judgment, which the law allows her, if she can prove her allegations to the satisfaction of the court and jury in the tribunal which she has chosen. The stay is vacated.