### In re ARNAO.

(District Court, W. D. New York. January 30, 1914.)

BANKRUPTCY (§ 426*)—CLAIMS—DISCHARGE—RELEASE—JUDGMENTS FOR CONVERSION.

Where a judgment was recovered in a state court against the bankrupt before intervention of bankruptcy proceedings on a claim for conversion arising out of acts of the bankrupt which were practically larcenous, the claim consisted of a willful and malicious injury to the property of the claimant from which a discharge in bankruptcy would not constitute a release under Bankr. Act July 1, 1898, c. 541, § 17 (2), 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 (U. S. Comp. St. Supp. 1911, p. 1497), and hence the bankrupt was not entitled to an injunction restraining the claimant from issuing a body execution and arresting the bankrupt or levying on his property.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 787, 791–807; Dec. Dig. § 426.*]

In Bankruptcy. In the matter of bankruptcy proceedings of Vincenzo Arnao. On motion to restrain the issuance of a body execution against the bankrupt and from interfering with his property on a judgment for conversion recovered against him in the state court prior to the filing of bankruptcy proceedings. Motion denied.

Palmieri & Wechsler, of New York City, for plaintiff.
Lanza & Miceli, of Buffalo, N. Y., for petitioner.

HAZEL, District Judge. This is a motion to restrain the plaintiff and the sheriff from issuing a body execution against the bankrupt, and from arresting him and interfering with his property on a judgment for conversion of money recovered against him in the Supreme Court of this state before the petition in bankruptcy was filed. The claim of the bankrupt is that the debt upon which the judgment was recovered is dischargeable in bankruptcy, and that therefore the benefits and privileges of the Bankruptcy Act should not be withheld from him, and that as his arrest is threatened this court should restrain such action until his right to a discharge is determined.

In Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147, the Supreme Court decided that a broker carrying stocks on margins who sells the same and does not pay over the proceeds to his principal is not indebted to the latter in a fiduciary capacity under section 17 (4) of the Bankruptcy Act (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428]), and that such a liability arises under section 63, relating to the provableness of a claim founded upon an open account or upon a contract express or implied. Subsequent to this' decision, section 17 (2) of the Bankruptcy Act was amended (Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1911, p. 1497]), to provide that a discharge in bankruptcy releases a bankrupt from his provable debts, except such as "are liabilities for obtaining property by false pretenses or false representations or for willful and malicious injuries to the person or property of another."

In the case at bar the inquiry must be as to whether the judgment recovered by the plaintiff was for willful or malicious injury to the person or property of another. Upon this point the doctrine of Kavanaugh v. McIntyre, 128 App. Div. 722, 112 N. Y. Supp. 987, is thought to be apposite. After defining the words "malice" and "willful," the Appellate Division, Justice Cochrane writing the opinion, says:

"There are doubtless many torts against which a discharge in bankruptcy is effective. The act is liberally construed in favor of an honest and well-meaning debtor. A conversion of property may exist entirely consistent with the utmost good faith on the part of the converting debtor. In respect to such torts there is no injustice or inequity in extending the provisions of the Bankruptcy Act applicable thereto in accordance with the beneficent and humane policy of such act. But a conversion which shows a design or willingness to inflict a wrong upon another or the reckless disregard of the rights of another rests on a different basis."

And it was held that, where the bankrupt was liable to pay a debt which arose from his dishonest acts, his discharge was barred.

My view as to the interpretation of section 17 (2) accords with the views expressed in the Kavanaugh Case, and I believe that the facts here indisputably show that the wrongful acts of the bankrupt were practically larcenous. The decison of In re Adler, 144 Fed. 659, 75 C. C. A. 461, cited by bankrupt, does not cover the point under consideration. There it was held by the Circuit Court of Appeals for the Second Circuit that the acts of the bankrupt were constructively fraudu-

lent, although they were not executed by the bankrupt while acting in a fiduciary capacity within the meaning of section 17 (4). Section 17 (2) was not under discussion.

In Re Cole (D. C.) 106 Fed. 837, decided by this court in the year 1901, also cited by counsel for the bankrupt in support of the contention that judgment for conversion is dischargeable, it was substantially held that an action in the state court brought to establish the liability of the bankrupt under section 17 (2) would not be enjoined, and such decision as I read it is not at all in conflict with the Kavanaugh Case.

It will not be necessary to advert to any of the other cases cited by the bankrupt, for their bases of facts are essentially different, and they were apparently decided either under section 17 (4), or before the amendment of section 17 (2) and its interpretation in the Kavanaugh Case. In the latter case at the end of the opinion it is true the court said that the question was "novel and not free from doubt," and I am informed that the case has been taken to the Court of Appeals of this state, where it will be decided in the near future; still, as the question was carefully examined by the Appellate Division for the Third Department, and as there are no controlling federal decisions or none that so well cover the ground, I am persuaded to follow it.

The motion is denied.