### MAXWELL v. MARTIN.

(Supreme Court, Appellate Division, First Department. January 8, 1909.)

1. FRAUD (§ 28*)—COMPLAINT.

   The complaint alleging that because of the false and fraudulent representations of defendant, on which plaintiff relied, she delivered to him stocks, which he appropriated to his own use and intended to appropriate when he made the false representations, sets forth a cause of action for fraud and deceit.

   [Ed. Note.—For other cases, see Fraud, Cent. Dig. § 8; Dec. Dig. § 28.*]

2. TRIAL (§ 181*)—DIRECTION OF VERDICT—EXCEPTIONS.

   Where defendant's request to go to the jury was coupled with his request to withdraw his motion for direction of a verdict, and the court announced that it refused to permit defendant to withdraw his motion for a direction of verdict, and announced that an exception should be noted, and directed a verdict for plaintiff, to which direction defendant excepted, the fair construction of what took place is that the two motions were properly treated as one, and an exception was granted to the refusal thereof.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 406; Dec. Dig. § 181.*]

3. TRIAL (§ 148*) — MUTUAL MOTIONS TO DIRECT VERDICT — REQUEST TO GO TO JURY—TIME.

   Where both parties move for a direction of a verdict, either may go to the jury on any specific question of fact at any time before the directed verdict is actually rendered by the jury; and therefore a request to go to the jury made after announcement that the court will direct a verdict for one or the other party is in time.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 331; Dec. Dig. § 148.*]

4. TRIAL (§ 177*)—MUTUAL MOTIONS TO DIRECT VERDICT—SENDING QUESTIONS TO JURY.

   Where both parties move for a direction of a verdict, and the court decides that one is entitled to a direction, the other, while he may not ask to go to the jury generally, may ask to go to them on specific material questions of fact which he points out.

   [Ed. Note.—For other cases, see Trial, Cent. Dig. § 400; Dec. Dig. § 177.*]

5. BANKRUPTCY (§ 426*)—DISCHARGE—CLAIMS FOR FRAUD.

   Whether the obtaining of stock from plaintiff by defendant was by fraud, as alleged in the complaint, or as a loan, as claimed by defendant, he afterwards converting it, is a material question; defendant interposing the defense of a discharge in bankruptcy, and Bankr. Law (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1026]) § 17, subd. 2, providing that a discharge in bankruptcy shall be a release from all provable debts, except such as are liabilities for obtaining prop-

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

erty by false pretenses or false representations, or for willful and malicious injuries.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 791, 792; Dec. Dig. § 426.*]

6. BANKRUPTCY (§ 363*)—PROOF OF CLAIM AGAINST BANKRUPT—EFFECT.

A creditor of a bankrupt does not waive his right of action for damages for false pretenses or representations by proving his claim in the bankruptcy court.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 552; Dec. Dig. § 363.*]

7. ELECTION OF REMEDIES (§ 3*)—ACTS CONSTITUTING ELECTION.

It is not an election of remedy, barring plaintiff's bringing an action against defendant for his false representations in obtaining shares of stock of plaintiff, that plaintiff brought an action against a bank to recover the stock or its value.

[Ed. Note.—For other cases, see Election of Remedies, Cent. Dig. § 4; Dec. Dig. § 3.*]

8. PARTNERSHIP (§ 200*)—LIABILITY FOR FRAUD.

Defendant's partners are not necessary parties defendant to an action for obtaining property by false pretenses; he being responsible if any fraud was committed by him.

[Ed. Note.—For other cases, see Partnership, Cent. Dig. § 369; Dec. Dig. § 200.*]

Appeal from Trial Term, New York County.

Action by Jessie E. Maxwell against Frederick J. Martin. From a judgment for plaintiff, and from an order denying a motion for new trial, defendant appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, INGRAHAM, CLARKE, and HOUGHTON, JJ.

Henry B. Singer and Milton M. Sittenfield, for appellant.
Edward J. McGuire, for respondent.

HOUGHTON, J. Plaintiff's complaint, fairly interpreted, sets forth a cause of action for fraud and deceit. The allegations are that because of the false and fraudulent representations of the defendant, upon which the plaintiff relied, she delivered to him certain shares of stock of the Pennsylvania Railroad Company, which the defendant appropriated to his own use, and intended to appropriate when he made the false representations. Plaintiff's proof on the trial tended to establish these allegations.

Amongst other defenses, the defendant pleaded his discharge in bankruptcy. The proof on defendant's part tended to establish the fact that the stock was not obtained by him through any false or fraudulent representations, but simply as a voluntary loan, and that although he returned only a portion of the shares received and appropriated the remainder to his own use, still he was guilty only of conversion, and that the plaintiff's claim for such conversion was released by his discharge in bankruptcy.

At the close of the evidence both plaintiff and defendant moved for a direction of verdict. After the court announced that it would direct a verdict, but before it had announced in whose favor the verdict

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

would be directed, the defendant asked leave to withdraw his motion for a direction and to go to the jury upon two specific questions of fact, one of which was whether the stock in controversy was procured by fraud or was given into defendant's custody as a loan. The court announced that it refused to permit the defendant to withdraw his motion for a direction of verdict, and gave him an exception to such refusal, and directed a verdict for plaintiff, to which direction the defendant excepted.

The plaintiff's counsel insists that the defendant was too late in his request to go to the jury, and that there was no exception to the court's refusal to permit him so to do. While in specific words there was no exception to the refusal of defendant's request to go to the jury, the fair construction of what took place is that one was granted. Defendant's request to go to the jury was coupled with his request to withdraw his motion for direction of verdict, and both motions were properly treated as one, to a denial of which the learned court itself announced an exception should be noted.

The defendant's request to go to the jury was clearly in time. Where both parties move for a direction of verdict, the announcement by the court that it will direct a verdict in favor of the one or the other is not the final determination of the motion. The motion culminates in the rendition of the verdict by the jury at the direction of the court. Each party in moving for a verdict assumes, from his point of view, that he is entitled to a verdict. When the court decides that one party is entitled to a direction of verdict, the other is not foreclosed from asking to go to the jury upon any specific question of fact which he points out to the court, notwithstanding the motion which he has made. Under such circumstances he cannot ask to go to the jury generally upon all the facts in the case, but he can ask to go to the jury upon any particular question of fact which he points out to the court. Bowers v. Ocean Accident & Guaranty Corp., Ltd., 110 App. Div. 691, 97 N. Y. Supp. 485, affirmed 187 N. Y. 561, 80 N. E. 1105. Where, at the close of the evidence, both parties move for a direction of verdict, the rule is that the defeated party may ask to go to the jury upon any specific question of fact at any time before the directed verdict is actually rendered by the jury. Cullinan v. Furthmann, 70 App. Div. 110, 75 N. Y. Supp. 90; Eldredge v. Mathews, 93 App. Div. 356, 87 N. Y. Supp. 652.

The defendant having seasonably made his motion to go to the jury, and having properly excepted to the ruling of the court, it only remains to be considered whether he pointed out any material question of fact upon which the jury should have been permitted to pass. We think the question whether the stock in controversy was obtained by fraud or came to the hands of the defendant as a loan was a material one, which the jury should have been permitted to decide. Concededly the defendant had been discharged in bankruptcy. If the claim of plaintiff was one which was released by such discharge, then she would not be entitled to a judgment against the defendant in this action. Her right to a judgment depended upon her proving a cause of action

against the defendant, which was not released by his discharge in bankruptcy.

Section 17, subd. 2, of the bankruptcy law (Act July 1, 1898, c. 541, 30 Stat. 550 [U. S. Comp. St. 1901, p. 3428], as amended by Act Feb. 5, 1903, c. 487, § 5, 32 Stat. 798 [U. S. Comp. St. Supp. 1907, p. 1026]), provides that "a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another." The amendment substituted the word "liabilities" in place of "judgments in actions for fraud," etc.; but so far as the question here involved is concerned, the amendment is immaterial, and the great weight of authority, whatever may be said to the contrary, is to the effect that a claim for the conversion of personal property, possession of which was not obtained by false representations or pretenses, is provable against the bankrupt and is released by his discharge in bankruptcy. Crawford v. Burke, 195 U. S. 176, 25 Sup. Ct. 9, 49 L. Ed. 147; In re Wenhan (D. C.) 153 Fed. 910; In re Adler, 152 Fed. 422, 81 C. C. A. 564; Fechter v. Postel, 114 App. Div. 776, 100 N. Y. Supp. 207; Lewis v. Shaw, 122 App. Div. 96, 106 N. Y. Supp. 1012.

On the other hand, damages for fraud and deceit, and for the obtaining of property by false pretenses or false representations, are not provable in bankruptcy, and are not released by the bankrupt's discharge. Bullis v. O'Beirne, 195 U. S. 606, 25 Sup. Ct. 118, 49 L. Ed. 340; Brown & Adams v. United Button Co., 149 Fed. 48, 79 C. C. A. 70, 8 L. R. A. (N. S.) 961; Mathieu v. Goldberg (C. C.) 156 Fed. 541; Mackel v. Rochester (D. C.) 135 Fed. 904; Shepard v. Morgan, 123 App. Div. 128, 108 N. Y. Supp. 379. The decisions in Tindle v. Birkett, 183 N. Y. 267, 76 N. E. 25, and 205 U. S. 183, 27 Sup. Ct. 493, 51 L. Ed. 762, are not to the contrary, for that case was decided under the section before it was amended and when a judgment before discharge was a necessity.

If the jury should find under the proofs, therefore, that the plaintiff's version of the manner in which the defendant obtained the stock from her was true, and that he obtained it by false pretenses and representations which she believed and upon which she relied, then the jury would be authorized in rendering a judgment in her favor, because such a claim would not be released by the defendant's discharge in bankruptcy. On the contrary, if the jury should believe that the stock came to the hands of the defendant as a simple loan to him, and he thus became the lawful custodian, without any false pretenses or representations on his part, his failure to return it on demand, although constituting a conversion and raising a claim in plaintiff's favor, still such claim would be provable against the bankrupt, and one from which his discharge in bankruptcy released him. In the former case the plaintiff would be entitled to a verdict, and in the latter event the verdict must have been in defendant's favor. The defendant, therefore, did specify a material question of fact which the jury should have been permitted to decide.

We .do not think the defendant was entitled to go to the jury upon his other specified question, as to whether the plaintiff had conclusively elected her remedy in bringing her action against the Consolidated Bank or in proving her claim in bankruptcy.   As we understand the case of Frey v. Torrey, 175 N. Y. 501, 67 N. E. 1082, it is still authority for the proposition that a creditor of a bankrupt does not waive his right of action to recover damages for false pretenses or representations by proving his claim in the bankruptcy court.  If the plaintiff could obtain some part of her stock or its value in an action against the Consolidated Bank, that surely was not an election of remedy which barred her from prosecuting the defendant.  Nor was the defendant's point that his copartners were necessary parties to the action well taken, because, if there was any fraud committed by him, he himself was responsible for it.

For the reasons pointed out, however, whatever may be the merits of the action, the defendant is entitled to a new trial, which must be granted, with costs to abide the event.  All concur.

