### In re KORONSKY.

(Circuit Court of Appeals, Second Circuit. May 19, 1909.)

#### No. 267.

BANKRUPTCY (§ 391*)—STAY OF PROCEEDINGS AGAINST BANKRUPT—DEBTS DISCHARGEABLE—FINE FOR CONTEMPT.

> A fine imposed by a state court of New York for contempt, committed by willfully presenting to the court false affidavits, is not a debt which is released by a discharge in bankruptcy under Bankr. Act July 1, 1898, c. 541, § 17a, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3428), and a court of bankruptcy will not stay proceedings against the bankrupt for its enforcement.
>
> [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 649–654; Dec. Dig. § 391.*]

Petition to Review Order of the District Court of the United States for the Southern District of New York.

This cause comes here upon petition to revise and reverse an order made in the bankruptcy court, Southern district of New York. The order sought to be revised was entered upon notice; it denied a motion to vacate a prior order of the same court, made ex parte, enjoining further proceedings for the enforcement of a contempt order of the City Court of the City of New York fining the bankrupt $1,759.46.

See Dollard v. Koronsky, 61 Misc. Rep. 392, 113 N. Y. Supp. 793.

Allen & Sabine (Yorke Allen, of counsel), for petitioner.

Horace London, for respondent.

Before LACOMBE, COXE, and WARD, Circuit Judges.

LACOMBE, Circuit Judge. It is manifest from the record that the particular contempt of which Koronsky was found guilty and for which he was fined was a deceit practiced upon the court. Having been served with summons and complaint, he failed to appear or answer, and, when judgment was entered against him by default, mov-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ed to vacate the same on the ground that he had never been served. This motion was made on perjurious affidavits, including his own. The original order in the City Court has since been affirmed by the Appellate Term. Manifestly the offense was one peculiarly against the court, and of the sort where the punishment of the offender is a vindication of the dignity of the court; it does not lose that character because the statute authorizes the court to turn over the amount of the fine when collected to some person pecuniarily aggrieved by the offender's conduct. See Spalding v. New York, 4 How. (U. S.) 21, 11 L. Ed. 858, where it was held that fines for such offenses are not dischargeable under Bankr. Act Aug. 19, 1841, c. 9, 5 Stat. 440, the language of which is substantially like that of the present act (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]).

The District Judge apparently felt himself constrained to the conclusion that the Spalding Case did not apply, in view of the express terms of sections 8 and 14 of the New York Code of Civil Procedure; which Code was passed long subsequent to the making of the order which was reviewed in that case. Apparently his attention was not called to the fact that the statute law of the state when Spalding was punished contained provisions in all important respects the same as those now in force. In 2 Rev. St. N. Y. (3d Ed.) pt. 3, c. 3, tit. 2, art. 1, § 10, will be found the original of section 8 of the Code, and in part 3, c. 8, tit. 13, § 1, will be found the original of section 14 of the Code.

As to offenses against a court of the nature of a contempt, we are unable to appreciate any distinction in character between the willful disobedience of a court's mandate and the endeavor to deceive the court by false testimony willfully given by the offender; if any there be, the latter is the more offensive.

The state court should be left free to enforce the penalty it has imposed.

Order reversed.