## PEOPLE ex rel. OTTERSTEDT v. SHERIFF OF KINGS COUNTY.

(District Court, E. D. New York. June 25, 1913.)

BANKRUPTCY (§ 391*)—STAY OF PROCEEDINGS AGAINST BANKRUPT—FINE FOR CONTEMPT.

A fine imposed on a bankrupt by a state court for a civil contempt under Judiciary Law N. Y. (Consol. Laws 1909, c. 30) §§ 753, 773, for disobedience of an order of that court, made in an action against him, prohibiting him from transferring his property, by disposing of property and shortly after filing the petition in voluntary bankruptcy, is not a provable debt, and the court of bankruptcy is without jurisdiction to interfere with its enforcement.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 637–655; Dec. Dig. § 391;* Courts, Cent. Dig. § 1331.]

Habeas corpus proceeding by Henry Otterstedt against the Sheriff of Kings County, N. Y. Writ denied.

Alfred J. Patterson, of Brooklyn, N. Y., for relator.

Moore, Williams & Upson, of Brooklyn, N. Y., for judgment creditor.

Jacob Brenner, of Brooklyn, N. Y., for sheriff.

CHATFIELD, District Judge. The bankrupt has mistaken his remedy. He must apply to the County Court to be discharged if unable to comply with its order, and especially since he has turned over all his property to be administered in bankruptcy. His right to file such a petition in bankruptcy is well established.

The fine imposed under sections 753 and 773 of the Judiciary Law of New York (chapter 35 of the Laws of 1909 [Consol. Laws 1909, c. 30]) is expressly stated to be for the purpose of giving recompense for "damages", which were incurred prior to the bankruptcy proceedings and which have been liquidated by the finding of the County Court. This fine has been imposed for what is named in the state law as a civil contempt, although a charge of criminal contempt would also lie for the same act. Section 753. This contempt consisted in the disobedience of an order of the County Court forbidding transfer of assets by the judgment debtor, who filed the petition in bankruptcy a short time before he was adjudged in contempt.

The entire question of punishment is within the jurisdiction of the County Court, except as it is affected by the bankruptcy statute (Act July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418]). Section 9, subd. "a," of the bankruptcy law (2) exempts a bankrupt from arrest when in attendance upon a court of bankruptcy or engaged in the performance of duties imposed by the act. Section 11 of the bankruptcy statute provides for staying a suit founded upon a claim from which a discharge in bankruptcy will be a release. A claim of "damages" accruing prior to the petition in bankruptcy and equal in amount to the judgment which is discharged would be a provable debt, if it arises from a legal right growing out of a tort or breach of contract. But the state courts have held that, although payment of the

fine will extinguish the debt and satisfy the judgment, as well as constitute a bar to an action for further damages (where the right to such an action is recognized), yet the obligation to pay the amount of this fine is not a debt. They have held that the order of the state court compelling the payment to the judgment creditor shall stand and be enforced, even though the creditor has also a provable claim in bankruptcy for the amount of his judgment, and although the order of the state court directing the payment of the fine would seemingly give to this creditor a preference prohibited by the bankruptcy statute. The ruling of the state court that such a right to receive "damages" is not dischargeable in bankruptcy (Matter of Lyman A. Spalding, 10 Paige [N. Y.] 284) was affirmed by the Court for the Correction of Errors for the state of New York, and upon appeal to the Supreme Court of the United States was affirmed by that court; the Chief Justice stating:

"There is some difference among the justices who concur in affirming the judgment as to the principles upon which the affirmance ought to be placed. No further opinion will therefore be delivered than merely to pronounce the judgment of this court, affirming the judgment rendered by the state court." Spalding v. State of New York, 45 U. S. (4 How.) 21, at page 36 (11 L. Ed. 858).

The Circuit Court of Appeals for this circuit, in the Case of Koronsky, 170 Fed. 719, at page 720, 96 C. C. A. 39, at page 40, held that a fine for contempt of court was not dischargeable in bankruptcy, citing the case of Spalding v. New York, supra, and using the following language:

"Manifestly the offense was one peculiarly against the court, and of the sort where the punishment of the offender is a vindication of the dignity of the court; it does not lose that character because the statute authorizes the court to turn over the amount of the fine when collected to some person pecuniarily aggrieved by the offender's conduct."

The Circuit Court of Appeals calls attention to the fact that the present bankruptcy statute is substantially like section 9 of the Bankruptcy Act of August 19, 1841 (5 Statutes at Large, p. 440, c. 9), and that the provisions of the New York Code of Civil Procedure (now embodied in the Judiciary Law above quoted) are substantially the same as the provisions of the Revised Statutes of New York in effect in 1841. In the case of In re Hall, 170 Fed. 721, the District Court in the Southern District of New York, in a case similar to the one under discussion, held that a stay to prevent punishment by a state court for contempt of its order must be vacated.

It must be held, therefore, that the jurisdiction of the state court with respect to the punishment for contempt, and also with respect to its order that the proceeds of the punishment be paid to the judgment creditor, is outside of the jurisdiction of this court, and that the judgment debtor or bankrupt must apply to the state court for relief from that punishment. General order 30 in bankruptcy (89 Fed. xii, 32 C. C. A. xxx) provides for considering, upon a writ of habeas corpus, any unwarranted imprisonment or interference with the liberty of a bankrupt. The method pursued in the present case to raise the ques-

tion in this court was therefore correct in form, but the decision must be against the bankrupt so far as complete release from the commitment to the sheriff of Kings county is concerned.

The bankrupt will be temporarily kept subject to the jurisdiction of this court while his attendance may be needed in the bankruptcy proceeding, and the judgment creditor will be restrained from receiving any money which may be collected from or paid by the bankrupt out of any property which he had prior to the filing of his petition in bankruptcy. The right to all such property (not affected by a lien antedating the petition by more than four months) has passed to the trustee, and the creditor may not be preferred therefrom.

The bankrupt may, in the meantime, apply to the state court to be relieved from further punishment, after the requirements of that court shall have been met in support of its own orders. In other respects, and as soon as the necessities of the bankrupt's case will allow, the writ of habeas corpus will be dismissed, and the bankrupt remanded to the custody of the sheriff of the county of Kings.