## In re KALK.

(District Court, N. D. New York. January 31, 1921.)

1. **Bankruptcy ⬤⇒424—Judgment in replevin for property fraudulently obtained not barred; "malicious."**

   Under Bankruptcy Act, § 17, subd. 2 (Comp. St. § 9601), excepting from discharge liabilities for obtaining property by false pretenses, or for willful and malicious injury to the person or property of another, a judgment in an action of replevin for the value of property obtained by the bankrupt by false representation that he was solvent and that his note for the property was good is not barred, though a judgment in replevin based on constructive fraud only would be barred, since "malicious," as used in the section, consists in the willful doing of an act with knowledge it is liable to injure another and regardless of consequences, and does not include the malignant spirit or specific intention to injure the other.

   [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Malicious.]

2. **Bankruptcy ⬤⇒391(3)—Suit on claim not discharged will not be stayed.**

   Under Bankruptcy Act, § 11 (Comp. St. § 9595), authorizing stay of a suit founded upon a claim from which a discharge would be a release, a suit to enforce a judgment for property fraudulently obtained, which would not be barred by the discharge should not be stayed.

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

3. **Bankruptcy ☞421 (1)—Character of judgment or execution does not determine dischargeability.**

Neither the character of the judgment entered nor the kind of execution issued thereon should characterize the action in determining whether the liability is barred by discharge in bankruptcy.

4. **Replevin ☞106—Judgment less than $50 not erroneous, if value of chattels was more.**

A contention by the bankrupt that a judgment in replevin for less than $50 was irregular was untenable, where the verdict related to chattels of value much greater than $50.

5. **Judgment ☞505—Cannot be collaterally attacked, if court had jurisdiction.**

If the court had jurisdiction to render the judgment, it cannot be impeached by collateral attack, even though irregular, because of the amount for which it was rendered

In Bankruptcy. In the matter of the estate of Boniface J. Kalk, bankrupt. On application to set aside an order by the referee restraining Mary A. Hughes, a judgment creditor, from issuing execution against the wages and earnings of the bankrupt. Order set aside.

Ray W. Merrill, of Watertown, N. Y., for bankrupt.

Searle & Searle, of Rome, N. Y., for judgment creditor, Mary A. Hughes.

COOPER, District Judge. This is an application to set aside an order made by the referee in bankruptcy of Jefferson county, restraining Mary A. Hughes, a judgment creditor, from issuing execution against the wages and earnings of Boniface J. Kalk, the bankrupt.

The judgment, the collection of which has been enjoined, was obtained by Mrs. Hughes as administratrix of her husband's estate, in an action in replevin, in which she was plaintiff and the bankrupt was defendant. The bankrupt at an auction sale, had bidden in various chattels belonging to the estate of the deceased, and he offered the judgment creditor a note in payment, which she declined to accept, but upon his statements that he was solvent, had a farm, and was able to meet the obligation, it was accepted. It appeared that Kalk was at the time hopelessly insolvent, and soon thereafter filed a petition and schedules in bankruptcy. Thereupon Mrs. Hughes brought suit to replevy the goods on the theory that there had been no transfer; title never passing because of the fraud of the bankrupt, and as the complaint specifically alleged:

"That defendant claims to have purchased same, but said sale was fraudulent and possession of said property was procured by frauds, fraudulent representations and fraudulent concealment by defendant of his financial condition and insolvency. That defendant was insolvent, in debt, and had no means with which to pay for said property, and knowing his said condition, and concealing and misrepresenting same to plaintiff, and with intent not to pay for said property, induced plaintiff to deliver said property to him and to take his note therefor."

The action was tried by a jury and judgment was rendered for the plaintiff. Execution upon a money judgment was returned unsat-

isfied. Subsequently, and in November, 1920, execution was issued against the wages and earnings of the bankrupt, and for a second time Kalk filed a petition and was adjudicated a bankrupt on January 5, 1921, and the restraining order herein referred to was granted.

[1] The liberation of the bankrupt from this obligation depends upon the construction of section 17 of the Bankruptcy Law (Comp. St. § 9601), which provides that a bankrupt shall be discharged from his debts, with certain exceptions, the only subdivision of which is here applicable is No. 2, reading as follows:

"Liabilities for obtaining property by false pretenses or false representations, or for willful and malicious injuries to the person or property of another."

There has not been a uniformity of decision under this subdivision as to the dischargeability of debts grounded in conversion or replevin. The weight of authority is that judgments grounded in conversion, which is the analogy of replevin, are dischargeable unless actual fraud was the basis of the judgment. This distinction between actual and constructive fraud was pointed out in Ulner v. Doran, 167 App. Div. 259, 261, 152 N. Y. Supp. 655, 657, in which the court said:

"Assuming that the action against defendant was for a technical conversion, it is now well settled that a judgment in such an action is provable in bankruptcy, and released by the discharge, unless there be evidence of actual fraud in incurring the liability, of which there is no evidence in this case. The merely constructive fraud and malice which is sometimes said to follow upon the fact of conversion is not sufficient to prevent the discharge of the indebtedness, whether it has been reduced to judgment or not. Maxwell v. Martin, 130 App. Div. 80; Lewis v. Shaw, 122 Id. 96; Collier, Bankruptcy (10th Ed.) 387. We think, therefore, that the judgment debt was discharged by the discharge in bankruptcy."

In Maxwell v. Martin, 130 App. Div. 80, 83, 114 N. Y. Supp. 349, 352, cited in the above case, the court, in discussing this proposition, says:

"Section 17, subd. 2, of the Bankruptcy Law (30 Stat. 550, as amended by 32 Stat. 798, §.5), provides that 'a discharge in bankruptcy shall release a bankrupt from all of his provable debts, except such as * * * (2) are liabilities for obtaining property by false pretenses or false representations or for willful and malicious injuries to the person or property of another.' The amendment substituted the word 'liabilities' in place of 'judgments in actions for frauds,' etc., but so far as the question here involved is concerned the amendment is immaterial, and the great weight of authority, whatever may be said to the contrary, is to the effect that a claim for the conversion of personal property, possession of which was not obtained by false representation or pretenses, is provable against the bankrupt and is released by his discharge in bankruptcy. Crawford v. Burke, 195 U. S. 176; In re Wenham, 153 Fed. 910; In re Adler, 152 Fed. 422; Fechter v. Postel, 114 App. Div. 776; Lewis v. Shaw, 122 App. Div. 96.

"On the other hand, damages for fraud and deceit and for the obtaining of property by false pretenses or false representations are not provable in bankruptcy and are not released by the bankrupt's discharge. Bullis v. O'Beirne, 195 U. S. 606; Brown & Adams v. United Button Co., 149 Fed. 48; Mathieu v. Goldberg, 156 Fed. 541; Mackel v. Rochester, 135 Fed. 904; Shepard v. Morgan, 123 App. Div. 128."

The theory of the judgment against the bankrupt in the case at bar is that it was obtained because of moral turpitude and willful intent

to deprive the judgment creditor of her property, and because the conduct of the defendant was larcenous in its nature, no title to the property passed and the plaintiff could replevy the chattels. Of this matter Judge Hazel has spoken forcefully in Re Arnao (D. C.) 210 Fed. 395, when he refused to restrain the sheriff from issuing a body execution against the bankrupt on a judgment founded on conversion. While the facts of the case are not set out in the opinion, the court says of the law:

"My view as to the interpretation of section 17 (2) accords with the views expressed in the Kavanaugh Case, and I believe that the facts were indisputably so that the wrongful acts of the bankrupt were practically larcenous."

Bullis v. O'Beirne, 195 U. S. 606, 25 Sup. Ct. 118, 49 L. Ed. 340, was a case in which an application was made by Bullis for a discharge in bankruptcy, and the judgment creditor opposed it on the ground that judgment was procured against the bankrupt in an action for fraud, and was therefore not dischargeable. The action originally brought, charged Bullis with false and fraudulent representations in respect to certain lands and agreements concerning the same, and that certain conveyances made were false and fraudulent and the court said:

"We think a correct interpretation of the law does not require a close examination into the form of the action, to determine whether technically it is one ex delicto or otherwise; but the real question is: Was the relief granted in the judgment based upon actual, as distinguished from constructive, fraud of the bankrupt? If the judgment is thus founded, whatever the form of the action, it is the intent and purpose of the law that the bankrupt shall not be discharged from it, but shall still rest under its obligation, so far as the bankrupt law is concerned."

In Kavanaugh v. McIntyre, 210 N. Y. 175, 182, 104 N. E. 135, the dischargeability of a debt in conversion was before the court. It appeared that the defendant's firm received from Kavanaugh, as security for an indebtedness, stock and scrip, which it sold shortly thereafter without the knowledge or consent of plaintiff and placed the avails to the account of the firm. Cuddeback, J., after commenting upon this, said:

"These facts show that the conversion of the stock and scrip was not merely technical nor committed in the assertion of a mistaken claim to the property. It was a wrongful act done intentionally without just cause or excuse, and constituted willful and malicious injury to the plaintiff's property as those words are used in section 17 of the Bankruptcy Law. Tinker v. Colwell, supra."

In Shepard v. Morgan, 123 App. Div. 128, 108 N. Y. Supp. 379, it was held that a claim based upon a liability for obtaining property by false pretenses and fraudulent representations is not discharged, even though the claim be not reduced to judgment.

The construction of the terms "willful and malicious" in the law have been the subject of judicial comment.

In Tinker v. Colwell, 193 U. S. 473, 24 Sup. Ct. 505, 48 L. Ed. 754, Justice Peckham, in considering the meaning of the words used in the statute, before the amendatory act of 1903, said:

In United States v. Reed, 86 Fed. 308, it was held that malice consisted in the willful doing of an act which the person doing it knows is liable to injure another, regardless of the consequences, and a malignant spirit or a specific intention to hurt a particular person is not an essential element. Upon that principle, we think a willful disregard of what one knows to be his duty, an act which is against good morals and wrongful in and of itself, and which necessarily causes injury and is done intentionally, may be said to be done willfully and maliciously, so as to come within the exception. It is urged that the malice referred to in the exception is malice towards the individual personally, such as is meant, for instance, in a statute for maliciously injuring or destroying property, or for malicious mischief, where mere intentional injury without special malice towards the individual has been held by some courts not to be sufficient. Commonwealth v. Williams, 110 Mass. 401. We are not inclined to place such a narrow construction upon the language of the exception. We do not think the language used was intended to limit the exception in any such way. It was an honest debtor, and not a malicious wrongdoer, that was to be discharged."

In Davis v. Standard National Bank, 50 App. Div. 210, 213, 63 N. Y. Supp. 764, 766, it is said:

"But while, to establish malice for certain purposes, such a willful intent is necessary, that intent is not involved in the legal definition of the term 'malice.' Whenever the act is done intentionally, without just cause or excuse, a legal inference of malice arises therefrom."

See, also, Kavanaugh v. McIntyre, supra; s. c., 128 App. Div. 722, 112 N. Y. Supp. 987.

The cases cited with much confidence by the bankrupt recognize the distinction between an action for conversion, without malice and fraud, and a judgment obtained because of utter disregard of the rights of the plaintiff injuring him knowingly and willfully, and where such conduct is the equivalent of larceny.

[2] Section 11 of the Bankruptcy Law (Comp. St. § 9595), under which this stay was apparently granted, provides that only a suit founded upon a claim from which a discharge would be a release may be stayed, and it has been repeatedly held that the enforcement of the debts which were not dischargeable would not be stayed. Matter of Koronsky, 170 Fed. 719, 96 C. C. A. 39; In re Hall (D. C.) 170 Fed. 721; People ex rel. Otterstedt v. Sheriff (D. C.) 206 Fed. 566; In re Cole (D. C.) 106 Fed. 837; In re Butts (D. C.) 120 Fed. 966.

[3] The judgment entered should not characterize the action nor the kind of execution which may be issued. Curtiss v. Jebb, 203 N. Y. 538, 96 N. E. 120.

[4, 5] The contention of the bankrupt that the judgment was irregular because the recovery was less than $50 was untenable, for the reason that the verdict related to chattels of value much greater than $50. Moreover, the court had jurisdiction to render the judgment, and it cannot be impeached by a collateral attack.

The order of the referee, restraining the judgment creditor and the sheriff, should be set aside.