### In re STONE.

(District Court, N. D. New York.    March 8, 1922.)

**1. Bankruptcy ⊜391(3)—Enforcement of obligations not subject to discharge will not be stayed.**

Under Bankruptcy Law, § 11 (Comp. St. § 9595), the power to stay obli-gations of bankrupts relates only to dischargeable debts, and the en-forcement of obligations not dischargeable will not be stayed.

**2. False imprisonment ⊘⟶4—False and malicious injury essential.**

In New York, a judgment for false imprisonment can only be obtained on a showing of willful and malicious injury to the complainant.

**3. Bankruptcy ⊘⟶424—Default judgment cannot be impeached, to show there was no malice or willful injury.**

On application to stay an execution on a default judgment for false imprisonment, the bankruptcy court will not go beyond the judgment to determine whether there was malice or willful injury, as a judgment by a court having jurisdiction cannot be impeached by a collateral attack.

In Bankruptcy. In the matter of Fred Stone, bankrupt. On order to show cause why execution should not be stayed. Order vacated.

Charles B. Hane, of Herkimer, N. Y., for bankrupt.

Stanley A. Williams, of Syracuse, N. Y., for judgment creditors..

COOPER, District Judge. This is a return of an order requiring Thomas A. Van Bramer, a judgment creditor, to show cause why the execution upon a judgment obtained by him against the bankrupt should not be stayed and why said debt should not be discharged in bankruptcy.

Thomas A. Van Bramer recovered a judgment against the bankrupt by default in the sum of $689 on the 13th day of December, 1921, in an action for malicious prosecution. The complaint recited, among other things, that the defendant falsely and maliciously, without any reason or probable cause whatever, well knowing the same to be false and untrue, charged Van Bramer with the crime of grand larceny. The bankrupt now seeks to have a body execution upon that judgment stayed, and also to have said obligation discharged under the provisions of section 17a of the Bankruptcy Act (Comp. St. § 9601).

[1] It is a settled rule that under section 11 of the Bankruptcy Law (Comp. St. § 9595) the power of the court to stay obligations of bankrupts relates only to dischargeable debts; that the enforcement of obligations which are not dischargeable will not be stayed. Matter of Korousky, 170 Fed. 719, 96 C. C. A. 39; In re Kalk (D. C.) 270 Fed. 627, 631.

[2, 3] In this state, a judgment for false imprisonment could not have been obtained, except upon a showing of willful and malicious injury to the complainant. But the bankrupt asks this court to go beyond the judgment and establish the fact that there was no malice or willful injury to the judgment creditor. This it is without power or inclination to do. Where the court has jurisdiction to render judgment, it cannot be impeached by a collateral attack. In re Kalk, supra. See, also, Peters v. U. S., 177 Fed. 885, 888, 101 C. C. A. 99, to the same effect.

The remedy of the bankrupt is to move to open the default. The order to show cause is therefore vacated.

⊘⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes