## In re THOMASHEFSKY.

### Ex parte BLOCK.

### No. 426.

Circuit Court of Appeals, Second Circuit.

July 8, 1931.

Abner Greenberg, of New York City, for appellant.

Abraham H. Sarasohn, of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

L. HAND, Circuit Judge.

Thomashefsky, the bankrupt, employed Block, the appellee, on July 11, 1923, as box office manager in a theatre operated by him. Block deposited $1,000 with him as a guar-

anty against defalcation, under a written contract by which it was to be held "as security and for no other purpose and shall be returned * * * at the termination of the said employment." Block left Thomashefsky's employ on March 2, 1924, and got a judgment against him for $365 on April twenty-fifth of that year in an action, the nature of which does not appear. Thomashefsky then left the United States, and during his absence Block filed an involuntary petition in bankruptcy against him, which resulted in his adjudication on June 4, 1924. A trustee was appointed who took possession of Thomashefsky's property, and presumably distributed it, but Thomashefsky never applied for a discharge. On his return Block sued him in another action for his failure to return the deposit, and got judgment on May 29, 1929. The complaint alleged that Thomashefsky had received the money in a fiduciary capacity, solely as a deposit, and had converted it to his use, and the judgment provided for execution against his body. Thereafter Block procured an order for the examination of Thomashefsky in proceedings supplementary to execution upon the earlier judgment, and Thomashefsky defaulted in appearance; on January 13, 1931, the court entered an order fining Thomashefsky for this contempt. Thereupon Thomashefsky filed a petition for voluntary adjudication on January 27, 1931, was adjudicated on the same day, and procured from the District Court an ex parte stay of all proceedings upon the judgment in the second action, and upon the order fining Thomashefsky for contempt in the first. Block then applied to the District Court by rule nisi for a vacation of the stay, which the judge granted. Thomashefsky appealed.

The second judgment was clearly not dischargeable in bankruptcy, section 17a (6), 11 USCA § 35(6); indeed we do not understand that the contrary is argued. The same is true of the fine for contempt, since the order imposing it antedated the bankruptcy. In re Koronsky, 170 F. 719 (C. C. A. 2); In re Hall (D. C.) 170 F. 721; People ex rel. Otterstedt v. Sheriff of Kings County (D. C.) 206 F. 566; In re Francisco (D. C.) 245 F. 216. Only two questions arise, (1) whether Block's petition for involuntary adjudication in 1924 was an election to proceed only in contract, (2) whether the bankrupt was in any event entitled to immunity from arrest under section 9a (2), 11 USCA § 27 (a) (2), until the determination of his application for discharge.

Upon the first point the argument is that, as Block was the sole petitioner in 1924, and thus necessarily elected to sue in contract, he could not thereafter sue in conversion. This would have been a bad plea in the state action in any case (Friend v. Talcott, 228 U. S. 27, 33 S. Ct. 505, 57 L. Ed. 718), but we need not consider that. The claim is now in judgment, and cannot be impeached; it is not dischargeable in this bankruptcy proceeding, and for that matter, was equally undischargeable in the earlier one. It may not therefore be stayed. Apparently the first judgment might have been discharged in the 1924 proceeding, but no discharge was obtained, and the time has long since passed when any application is possible. Section 14 (a), 11 US CA § 32 (a). While it is also dischargeable in this proceeding, the liability for the fine is not, and may not be stayed. Recurring to the second judgment, Block's position, as petitioning creditor, was no different from that of any other creditor who proved a claim; filing a petition is no more an election than filing a claim, and if it were, it would not be material in the face of the judgment. Thus there is no force in the first point in any aspect.

Coming to the second point, the relevant section is 9a (2), 11 USCA § 27 (a) (2), the last clause of which provides that when a debt is not dischargeable in bankruptcy the bankrupt "shall be exempt from * * * arrest when in attendance upon a court of bankruptcy or engaged in the performance of a duty imposed by the provisions of this title." Of the General Orders, No. XII (11 USCA § 53) gives to referees the power to issue an order of general protection to a bankrupt, which however the court may "vacate or suspend"; No. XXX provides that if already imprisoned, the bankrupt may be produced on habeas corpus to testify before the referee, and if arrested pending the proceedings upon "a claim provable in bankruptcy," "if so provable he shall be discharged; if not, he shall be remanded." The question arose in Re Baker (D. C.) 96 F. 954, whether a bankrupt, imprisoned on a provable, but not dischargeable, claim, should be released, in the face of the language of Order XXX (11 USCA § 53) Judge Hook thought that "provable," as there used, must be understood as equivalent to "dischargeable," and remanded the bankrupt, without considering the last clause of section 9a (2), 11 USCA § 27 (a) (2). In Re Lewensohn (D. C.) 99 F. 73, certain creditors had secured judgments for fraud against the bank-

rupt and were about to arrest him. Judge Brown stayed these executions until the determination of the bankrupt's discharge, upon his giving security to obey all orders of the bankruptcy court, and not to leave the jurisdiction; and we affirmed his decision on his own opinion. 104 F. 1006. Judge Adams followed this in Re Dresser (D. C.) 124 F. 915, though in Re Kane (C. C. A.) 48 F. (2d) 96, we said that the granting of any immunity under Order XII (11 USCA § 53) and § 9a (2), 11 USCA § 27 (a) (2), rested in the discretion of the District Court.

Order XII (11 USCA § 53) in permitting the referee to give a general protection to the bankrupt, meant no more than that prima facie he might be entitled to as much; as to dischargeable debts, because he was so entitled without condition; as to those not dischargeable, because specific claims could be dealt with by the District Court. We agree that in general under Order XXX (11 USCA § 53) he must be remanded in all cases in which the debt is not "provable," which, with Judge Hook, we read as meaning dischargeable; but attendance upon his duties as bankrupt may require his temporary freedom at times when he is not in actual attendance upon the court, and it may be inconvenient repeatedly to bring him from custody by habeas corpus.

Under the last clause of section 9a (2), 11 USCA § 27 (a) (2) this convenience will justify his release for limited periods to perform his duties as a bankrupt; it is hard to believe that Order XXX (11 USCA § 53) was meant to forbid as much, and Order XII (11 USCA § 53) seems to countenance it. We adhere to so much of our decision in Re Lewensohn. On the other hand we cannot agree with the specific application of this doctrine there made, unless it rested upon circumstances not disclosed in the record. The length of the release and its occasion are no doubt for the District Court to determine; but it is very hard to imagine circumstances requiring the bankrupt's freedom during the whole proceeding, or even until his discharge is determined. We can see no relation between the necessities of his attendance to his duties, and the interval until he is discharged. He will not ordinarily be required for much of the period before that is decided, and he may be required thereafter. Certainly he has no right to a release because of a possible discharge, which will not affect the claim. While therefore the matter is discretionary we cannot agree that the discharge is at all relevant in the decision.

In the case at bar the bankrupt suggested nothing making necessary his attendance in the proceedings; the judge was therefore right in vacating the order. It will be affirmed, but without prejudice to any application by a creditor, and possibly by the bankrupt himself [In re Kane (C. C. A.) 48 F. (2d) 96], for a release for such limited periods as may be found to be necessary in the administration of the estate. In so far as this conflicts with In Re Lewensohn, that decision is to be deemed overruled.

Order affirmed.