**In re SPAGAT et al.**

No. 58274.

District Court, S. D. New York.

Aug. 22, 1933.

Harry B. Rosenbaum, of New York City, for bankrupts.

Krieger & Friedman, of New York City, for S. & W. Waldbaum, Inc., creditor.

PATTERSON, District Judge.

The referee restrained a creditor from taking steps in the state court to enforce orders under which the bankrupt Spagat was adjudged in contempt and fined.

Spagat had executed general assignments for the benefit of creditors in December, 1932. Waldbaum, a creditor, then obtained from the New York Supreme Court an order directing Spagat to show cause why he should not be examined under section 16 of the Debtor and Creditor Law (Consol. Laws N. Y. c. 12). Examinations of this character are authorized under the state law. Spagat did not appear on the return day and an order was signed on January 18, 1933, requiring him to appear for examination on January 23, 1933. An involuntary petition in bankruptcy was filed against him on January 19, 1933. He did not appear for examination on the 23d. On February 2, 1933, the creditor instituted a proceeding to punish him for contempt in not obeying the order. In that proceeding Spagat appeared and denied that the order requiring his appearance had ever been served on him. The state court found, however, that he had been served on the evening of January 19th, adjudged him in contempt of court for disobedience of the order, and fined him the sum of $479.14, to be paid to the creditor. The adjudication in bankruptcy occurred on February 20, 1933.

On June 15, 1933, Spagat obtained from the referee in bankruptcy an order to show cause why the creditor should not be enjoined from enforcing the fine. The order carried a temporary stay. Upon the facts narrated above, the referee held that the proceedings in the state court subsequent to the filing of the bankruptcy were void and enjoined the creditor from taking any steps looking to the payment of the fine.

I am of the opinion that the referee's ruling was wrong. It is said that after the filing of the bankruptcy petition the bankruptcy court had exclusive jurisdiction. It is true that upon adjudication title to all the bankrupt's property vests in the trustee as of the date of filing the petition, and that the bankruptcy court then has the exclusive jurisdiction over the property, a control that cannot be affected by proceedings in other courts. Gross v. Irving Trust Co., 289 U. S. 342, 53 S. Ct. 605, 77 L. Ed. 1243. So here any order by the state court fixing allowances or compensation or ordering other payments out of the property covered by the general assignment, after the filing of the bankruptcy petition (followed by adjudication), would have been voidable and ineffective. Gross v. Irving Trust Co., supra; In re Neuberger, Inc. (C. C. A.) 240 F. 947.

But the order of the state court requiring the debtor to appear for examination was issued prior to the filing of the petition. It was a valid order when made. It was still a valid order when served on the bankrupt, a few hours after filing of the petition but long before adjudication. The bankrupt was bound to obey it, in the absence of a stay from the bankruptcy court, and no stay was obtained. The subsequent orders of the state court in the contempt proceeding were likewise valid. By these orders the court did not attempt in any way to interfere with the property which had passed to the control of the bankruptcy court; it sought merely to vindicate its dignity which had been affronted by the contumacious conduct of a person who ignored its order.

The distinction relied on by the referee between contempts committed prior to filing of the bankruptcy petition and contempts committed after such filing does not exist. In re Hall (D. C.) 170 F. 721. See, also, In re Koronsky (C. C. A.) 170 F. 719.

The fact that the fine imposed is to be paid to the creditor who initiated the contempt proceeding has no bearing. That is a matter solely for the court that imposes the penalty. People of State of New York v. Sheriff of Kings County (D. C.) 206 F. 566.

The order of the referee will be reversed and petition for an injunction against the further prosecution of the contempt proceeding will be denied.