**In re McROBERTS.**

No. 25615.

District Court, W. D. New York.

Dec. 2, 1936.

Michael. H. Cahill and Charles H. Githler, both of Corning, N. Y., for bankrupt.

Shults & Shults, of Hornell, N. Y., for judgment creditor.

KNIGHT, District Judge.

Motion is made by the bankrupt for an order staying further proceedings on a judgment recovered by Farnum G. Brundage. The stay is opposed by the judgment creditor on the ground that the liability of the debtor is now a fine for contempt of court and as such is not dischargeable.

The judgment was recovered in the Hornell city court on February 6, 1936, and docketed in the Steuben county clerk's office as a judgment of the county court of Steuben county on February 7, 1936, and it is admitted that at that time the judgment was one dischargeable in bankruptcy. After the return of execution unsatisfied and the examination of the debtor in supplementary proceedings, and upon deliberation after the return of an order to show cause why he should not pay the judgment by making payment of a certain amount each month, debtor was ordered by the Steuben county court to pay a certain amount every two weeks thereafter. On failure to make such payment he was to be adjudged in contempt. After making three payments debtor stopped paying, and on August 29, 1936, the county judge of Steuben county signed an order

adjudging the judgment debtor in contempt of court and fined him the sum of $91.25, that being the balance due on the judgment, said fine to be paid over to the judgment creditor. Upon failure of the debtor to pay such sum, the order provided that an order should issue for the commitment of the debtor to the Steuben county jail. Debtor ceased paying after three payments, and on October 19, 1936, such order of commitment was issued accompanied by a warrant for arrest of the judgment debtor. On October 20, 1936, the petition herein was filed.

While section 11a of the Bankruptcy Act (11 U.S.C.A. § 29(a) provides that "a suit which is founded upon a claim from which a discharge would be a release * * * may. be * * * stayed," an indebtedness resulting from a fine in a state court for contempt of court is not a dischargeable debt. In re Thomashefsky (C.C.A.) 51 F.(2d) 1040; In re Spagat (D.C.) 4 F.Supp. 926.

The order of the state court directing debtor to perform certain acts was valid when made, as was the subsequent order adjudging him in default and levying the fine. His offense was complete when he failed to obey the order of the court, and he was liable at that time to punishment for his conduct. Bankruptcy proceedings could offer no bar to proceedings to effect such punishment. The offended court had jurisdiction to levy a fine, and, under the Judiciary Law of the State of New York (Consol.Laws, c. 30, § 773), was authorized to direct payment of such fine to the aggrieved party. That the court saw fit to so order has no bearing upon the dischargeability of the debt in the bankruptcy proceedings. "That is a matter solely for the court that imposes the penalty." In re Spagat (D.C.) 4 F.Supp. 926, 927. See, also, People of New York ex rel. Otterstedt v. Sheriff (D. C.) 206 F. 566.

The contempt order is not merely an aid to the mandate of supplementary proceedings as contended by the bankrupt, and the cases cited by bankrupt are. distinguishable from that here presented.

The motion of the bankrupt must be denied for the reason that the debt involved is not one which is dischargeable, and this court lacks authority to restrain further proceedings thereupon.