## In re LICHT.
### No. 30871.

District Court, E. D. New York.
Feb. 24, 1937.

## In re LICHT.
### No. 30871.

District Court, E. D. New York.
April 27, 1937.

Louis W. Licht, of New York City, for the motion.

Goetz & Midler, of New York City, opposed.

MOSCOWITZ, District Judge.

This is a motion to punish the attorneys for the judgment creditors in a supplementary proceeding instituted in the City Court of the city of New York for a contempt of court in allegedly violating a stay order in bankruptcy. The order is in the usual form and merely stays the collection of the judgment in the state court. The pertinent portion of the order is as follows: "Ordered, that Johanna Fulton, Harry L. Fulton and Dorothy Fulton, plaintiffs and judgment creditors in an' action commenced against the bankrupt herein the City Court of the City of New York, New York County, and/or their attorneys, Goetz & Midler, Esqs., and any and all persons acting on their behalf, be and they hereby are jointly and severally enjoined and restrained from taking any further steps to collect, except in bankruptcy, the judgment recovered in the aforesaid action, until one year from the date of adjudication herein, or if within that time the bankrupt herein applies for a discharge, then until the question of such discharge is determined."

■ This stay in no wise prevents the state court from punishing the bankrupt

for a contempt of court committed before it. See memorandum of Judge Campbell, In the matter of Herman Licht, bankrupt, No. 30871, 19 F.Supp. 774, filed February 24, 1937; People ex rel. Otterstedt v. Sheriff of Kings County (D.C.) 206 F. 566; In re Koronsky (C.C.A.) 170 F. 719; In re Francisco (D.C.) 245 F. 216; In re Spagat (D.C.) 4 F.Supp. 926; In re Green (D.C.) 6 F.Supp. 1022.

·In the exercise of unusual caution before making the motion in the state court to punish the bankrupt for contempt the judgment creditors' attorney applied to this court for a modification of the stay order. That motion was denied by Judge Campbell who decided, supra, "If there was any right to punish the bankrupt for contempt, the order of September 1st, 1936, did not prevent such proceeding."

In light of the authorities the attorneys for the judgment creditors were warranted in applying to the state court to punish the bankrupt for contempt of an order of that court.

This motion to punish for contempt is without the slightest justification and the bringing of the motion is not to be commended. Bankruptcy cannot be used as a means for relieving bankrupts of punishment for contempts of Court, perjury and false swearing committed in the State Court.

Settle order on notice.