In the Matter of Supplementary Proceedings: ROSEVINE REALTY CORP., Judgment Creditor, *v.* MICHAEL STICH, Judgment Debtor.

City Court of New York, Special Term, New York County, September 28, 1937.

*Leon Schreiber*, for the judgment creditor.

*Conrad H. Ratner*, for the judgment debtor.

WENDEL, Ch. J. The judgment creditor moves to punish the debtor for contempt for his failure to make installment payments of his judgment indebtedness to the creditor as directed by an order made pursuant to section 793 of the Civil Practice Act.

The order was made November 19, 1935, and directed the debtor to pay said judgment in weekly installments of two dollars beginning December 2, 1935. It is shown that the debtor has not complied with such order, and that he has paid but $87.50, whereas the total sum of the payments due the creditor thereunder aggregates $184.

The moving papers were served on the debtor on September 3, 1937, the motion being returnable September eighth. On August thirty-first the debtor filed a petition in bankruptcy and included the judgment which is the basis of this proceeding in his schedules. On September third he secured an order from the United States District Court staying the creditor " from taking any further steps to collect, except in bankruptcy," the judgment recovered by the creditor until twelve months from the date of adjudication, or, if within that time the bankrupt applies for a discharge, then until the question of such discharge is determined. Service of this order was made on the creditor on September eighth.

The debtor presents no excuse for his default, but claims that by reason of the above order of the United States District Court this proceeding is stayed.

The order of this court directing the debtor to make installment payments was valid when made. His offense was complete when he failed to obey the order and he was liable at such time to punishment for his conduct. Such offense constitutes a contempt of court. (*Matter of Reeves* v. *Crownshield*, 274 N. Y. 74.) The bankruptcy proceedings do not bar proceedings to effect such punishment. While section 11-a of the Bankruptcy Act (U. S. Code, tit. 11, § 29, ¶ [a]) provides that " A suit which is founded upon a claim from which a discharge would be a release  *  *  * may be  *  *  * stayed," an indebtedness resulting from a fine in a State court for contempt of court is not a dischargeable debt. (*Matter of Thomashefsky*, [C. C. A.] 51 F. [2d] 1040.) Fines so imposed are penalties unenforcible in bankruptcy and do not lose their character as penalties simply because the fine is or may be turned over to the creditor. (*Matter of Dearborn Mfg. Corp.*, 18 F. Supp. 763.) Even though the judgment is one dischargeable in bankruptcy, and the enforcement of the fine may have the effect of compelling payment on account of the judgment, such effect is only a collateral one and the bankruptcy court has no power to interfere. (*Munz* v. *Hartnett*, 6 F. Supp. 158; *Spalding* v. *New York*, 4 How. 21; 11 L. Ed. 859; *Matter of Koronsky*, [C. C. A.] 170 Fed. 719; *People ex rel. Otterstedt* v. *Sheriff of Kings County*, [D. C.] 206 id. 566.) It thus follows that the Federal injunction against taking steps to collect the debt is not intended to nor does it attempt to restrain this proceeding to punish for contempt.

The fact that the adjudication for contempt is made and a fine imposed on the debtor after the filing of his petition in bankruptcy does not make said fine a dischargeable debt and proceedings for its enforcement will not be stayed by the court of bankruptcy if the contempt occurred prior to the filing of the petition. (*Matter of Hall*, 170 Fed. 721.)

The contempt here complained of occurred prior to the time the petition was filed. The conduct of the debtor was calculated and actually did impair, impede and prejudice the rights of the judgment creditor to the extent of the amount of the installments unpaid, to wit, $96.50, and he is accordingly fined said sum plus the sum of ten dollars costs, which are awarded to the judgment creditor. Said fine is to be paid in monthly installments of ten dollars beginning November 1, 1937.

Settle order on notice.