## UNITED STATES v. GREEN VALLEY CREAMERY, Inc.

### No. 4522.

District Court, D. Massachusetts.

Feb. 20, 1945.

As Amended March 19, 1945.

Edmund J. Brandon, U. S. Atty., and Joseph M. Hargedon, Asst. U. S. Atty., both of Boston, Mass., J. Stephen Doyle, Sp. Asst. to Atty. Gen., and Handley C. Harrison, Atty., Office of Solicitor, United States Department of Agriculture, of Washington, D. C., for plaintiff.

Richard Wait and Choate, Hall & Stewart, all of Boston, Mass., for defendant.

SWEENEY, District Judge.

There is before me the petition of Howard B. Parker for a final order upon petition for attachment for contempt. This petition raises the question whether a discharge in bankruptcy bars the collection of an unpaid balance of a compensatory fine levied by this Court against the petitioner in the above proceeding. This memorandum deals only with the petitioner's claim as a matter of right and is not concerned with the discretion vested in this Court to mitigate the fine imposed.

The petitioner was on June 16, 1942, adjudged in civil contempt of this Court and ordered to pay the sum of $42,236.74 to the clerk of this Court for the benefit of the market administrator. This sum was the equivalent of the loss suffered by the market administrator by reason of the acts and conduct of the said Parker in directing the business of Green Valley Creamery,, Inc. After several appeals to the Circuit Court of Appeals the sum of $20,-000 was paid by Parker to the clerk and on October 18, 1943, Parker filed a voluntary petition in bankruptcy and on May 15, 1944, received his discharge in bankruptcy. The market administrator filed a proof of claim seeking the balance of the compensatory fine over and above that which had already been paid to the Court. On this proof of claim he received a dividend in the approximate amount of $1,950.

The present petition seeks a final order from this Court adjudicating that the discharge in bankruptcy prevents the collection of the unpaid balance of the compensatory fine, and that the petitioner is free from the possibility of confinement for failure to comply with the Court's order. In Lyman A. Spalding v. The People of the State of New York, 4 How. 21, 45 U.S. 21, 11 L.Ed. 858, the Supreme Court affirmed without opinion the holding of a state court (New York) that a discharge in bankruptcy is no release from a fine imposed by a state court for breach of an injunction.

In People ex rel. Otterstedt v. Sheriff of Kings County, D.C., 206 F. 566, a federal court denied its jurisdiction to sustain a writ of habeas corpus where a bankrupt had been imprisoned for failure to pay a fine imposed for a civil contempt and held, in effect, that only the court which had imposed the fine might grant relief. In this connection the court cited In re Koronsky, 2 Cir., 170 F. 719, 720, which said: "Manifestly the offense was one peculiarly against the court, and of the sort where the punishment of the offender is a vindication of the dignity of the court * * *." Other cases to the same effect are In re Thomashefsky, 2 Cir., 51 F.2d 1040; In re Spagat et al., D.C., 4 F.Supp. 926; In re Green, D.C., 6 F.Supp. 1022, and In re McRoberts, D.C., 17 F.Supp. 82. While all of the cited cases can be distinguished from the instant case in that some of them refer to fines levied for criminal contempt

and all of them refer to fines levied by state courts, nevertheless these decisions seem to properly state the law applicable to this case.

The reasoning of these decisions seems to be that, while the fine imposed by the court may be a provable debt as between the contemnor and the person for whose benefit it has been ordered paid, it is not a debt within the meaning of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., as between the court and the contemnor, and for that reason a discharge granted by the bankruptcy court will not affect the fine imposed. In other words, the fine has the character of a debt as between the bankrupt and the person for whose benefit it was owed and, in addition, is a penalty levied by the court for a contumacious act. The discharge in bankruptcy can only affect the fine in the first-described status.

■ A discharge in bankruptcy does not operate to affect a power inherent in the courts of justice to suppress contempts by an immediate attachment of the offender. To hold otherwise would seriously affect the orderly administration of justice and deprive the court of one of its most elementary powers.

■ I therefore find and rule that, as a matter of law, the discharge in bankruptcy issued to the petitioner Parker does not operate to bar a collection of the unpaid balance of the compensatory fine imposed by this Court. The petitioner's claim for an order barring the collection of the balance of his fine is denied.