Bernard Tomson, J.
The plaintiff creditor moves by way of an order to show cause to punish Howard W. Jacobson for contempt for noncompliance with a subpoena duces tecum directing the defendant corporation “ c/o Howard W. Jacobson ” to appear before this court on June 26, 1968. This subpoena was personally served on Howard W. Jacobson, an officer of the defendant corporation, the judgment debtor.
On July 8, 1968, this order to show cause was issued and made returnable August 30, 1968. In the interim, on August 9, 1968, a petition in bankruptcy against the defendant was filed in the United States District Court for the Eastern District. There has to this date been no notice to this court of any stay issued by the United States District Court. Apparently there has been no adjudication in bankruptcy and no stay issued by the bankruptcy court.
On these facts, the validity of this court’s process cannot be attacked. The order of the court was valid when issued and valid when served. There is no excuse for the debtor’s disobedience of process. It is equally clear that, absent any stay, and there is none, the orders of this court in a contempt proceeding are valid. (Matter of Spagat, 4 F. Supp. 926.)
*241 The filing of a bankruptcy petition does not relieve a debtor from a State court contempt when the acts take place prior to adjudication. (Matter of Bell, 53 F. Supp. 993; cf. Matter of Hall, 170 Fed. 721; Matter of Koronsky, 170 Fed. 719; Goldberg v. Zimet, 180 N. Y. S. 273; Matter of Morris Plan Co., 164 Misc. 712; Matter of Rosevine Realty Corp. v. Stick, 164 Misc. 339; S. S. & B. Live Poultry Corp. v. Fleischer, 165 Misc. 175.)
The fact that the subpoena duces tecum is directed to West Hempstead Nursery & Garden Center c/o Howard W. Jacobson instead of by Howard W. Jacobson does not affect the result, since the affidavit of service indicates that Howard W. Jacobson was personally served and Howard W. Jacobson admits that he is one of the officers of the corporation in his affidavit in opposition to the order to show cause.
Accordingly Howard W. Jacobson is held in contempt for noncompliance with the subpoena.