## LANE v. INDUSTRIAL COM'R OF STATE OF NEW YORK.

## AUERBACH v. INDUSTRIAL COM'R OF STATE OF NEW YORK et al.

### Nos. 201, 202.

Circuit Court of Appeals, Second Circuit.

Dec. 7, 1931.

See, also, 53 F.(2d) 482.

John J. Bennett, Jr., Atty. Gen., and Joseph A. McLaughlin, Asst. Atty. Gen. in Charge (Isaac Frank, Dep. Asst. Atty. Gen., and H. A. Robichou, of Huntington, N. Y., of counsel), for appellant.

Rosenberg, Goldmark & Colin, of New York City (Godfrey Goldmark, of New York City, of counsel), for respondent Irving Trust Co., Trustee.

Samuel C. Duberstein, of New York City (Jacob Frummer, of Brooklyn, N. Y., of counsel), trustee and attorney for trustee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

MANTON, Circuit Judge.

These appeals involve substantially the same questions and will be considered and disposed of in one opinion.

The industrial commissioner of the state of New York, claiming a legal right so to do, files claims for injured employees against the estates in bankruptcy of Lane and Auerbach. Benjamin Lane employed Topal and Garguilo, both of whom, while engaged in such employment, sustained injuries for which the State Industrial Board awarded compensation which was not fully paid before adjudication in bankruptcy, on April 19, 1928. Compensation was awarded to Topal on June 20, 1927, and to Garguilo on March 21, 1928.

Lane was covered by a policy of compen-

sation insurance as approved by the Compensation Act, and D. Auerbach & Sons were self-insurers as permitted by section 50 of the Compensation Law (Laws 1914, c. 41, as amended [Consol. Laws, c. 67]) which provides that, upon satisfactory proof as to financial ability to compensate for himself, the employer may be permitted by the commission to be a self-insurer, and may be required to make a deposit to secure his liability to pay compensation provided for. Auerbach deposited $5,000. Awards were made to the four employees of Auerbach who were injured while in the bankrupt's employ. The payments were not made in full before adjudication in bankruptcy on August 22, 1930. The commissioner filed these claims asking priority in payment of them as debts under section 64b (5) and (7) of the Bankruptcy Act, 11 USCA § 104(b) (5) and (7).

The state Compensation Act (section 34) grants preferences as follows: "Compensation shall have the same preference or lien against the assets of the carrier or employer without limit of amount as is now or may hereafter be allowed by law to the claimant for unpaid wages or otherwise."

And section 22 of the Debtor and Creditor Law of the state of New York (Consol. Laws, c. 12) prefers wages, salaries, and claims of workmen in the distribution of assets under all assignments made pursuant to that act which are actually owing to the employees of the assignor at the time of the execution of the assignment, for services rendered within three months prior to the execution of the assignment, not exceeding $300 to each employee. It is argued that, by virtue of these state acts, the respective employees, having a claim for workmen's compensation, are entitled to preferences under the provisions of the Bankruptcy Act. Section 64b of the Bankruptcy Act provides:

"The debts to have priority, in advance of the payment of dividends to creditors, and to be paid in full out of bankrupt estates, and the order of payment shall be. * * *

"(5) wages due to workmen, clerks, traveling or city salesmen, or servants, which have been earned within three months before the date of the commencement of the proceeding, not to exceed $600 to each claimant; * * *

"(7) debts owing to any person who by the laws of the States or the United States is entitled to priority: Provided, That the term 'person' as used in this section shall include corporations, the United States and the several States and Territories of the United States."

But section 22 of the Debtor and Creditor Law of the state of New York grants preferences only in case there is a general assignment. There has been no general assignment here, but bankruptcy has ensued and the provision of the state law is inapplicable, unless it might be said that the debt here considered falls within section 64b (7) of the Bankruptcy Act. It will be noted that a debt owing to any person preferred by the laws of a state or the United States is entitled to priority. The Legislature of the state of New York could not give priority in bankruptcy proceedings for a wage claim or for a claim arising out of compensation for workmen's injury, and the state Legislature did not attempt to do so. It granted priority in the case of a general assignment under the Debtor and Creditor Law. Nor may the claims here in question be regarded as wages due to workmen under subdivision 5, § 64b, of the Bankruptcy Act, or debts entitled to priority. At the time of the enactment of the 1898 Bankruptcy Act, there was no basis of employers' liability fixed by a compulsory compensation for injuries to employees. It was not until after 1913, when a state constitutional amendment was adopted, effective in 1914, that the New York Legislature enacted a valid Workmen's Compensation Law (Laws 1914, c. 41). This act was sustained by the state's highest court. Matter of Jensen v. Southern Pac. Co., 215 N. Y. 514, 109 N. E. 600, L. R. A. 1916A, 403, Ann. Cas. 1916B, 276; White v. N. Y. C. R. R., 216 N. Y. 653, 110 N. E. 1051. This latter case was later affirmed in the Supreme Court (N. Y. Central R. R. v. White, 243 U. S. 188, 37 S. Ct. 247, 254, 61 L. Ed. 667, L. R. A. 1917D, 1, Ann. Cas. 1917D, 629), where the court said: "And we recognize that the legislation under review does measurably limit the freedom of employer and employee to agree respecting the terms of employment, and that it cannot be supported except on the ground that it is a reasonable exercise of the police power of the state. In our opinion it is fairly supportable upon that ground. And for this reason: The subject matter in respect of which freedom of contract is restricted is the matter of compensation for human life or limb lost or disability incurred in the course of hazardous employment, and the public has a direct interest in this as affecting the common welfare."

In Cudahy v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 154, 68 L. Ed. 366, 30 A. L. R. 532, the Supreme Court pointed out that workmen's compensation legislation rests upon the idea of status, not upon that of implied contract, and said: "The liability is based, not upon any act or omission of the employer, but upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured."

See, also, North Alaska Salmon Co. v. Pillsbury, 174 Cal. 1, 162 P. 93, L. R. A. 1917E, 642; Ocean Accident & Guaranty Corp. v. Industrial Commr., 32 Ariz. 265, 257 P. 641.

The New York Court of Appeals at first said, in Post v. Burger, 216 N. Y. 544, 111 N. E. 351, Ann. Cas. 1916B, 158, that the liability imposed by the state Compensation Law was impliedly read into the contract of employment, and later in Doey v. Howland, 224 N. Y. 30, 120 N. E. 53, 54, said: "These payments are made irrespective of whether or not the employer was guilty of wrongdoing. It is a part of the compensation agreed to be paid for services rendered in the course of the employment."

In the Matter of Smith v. Heine Boiler Co., 224 N. Y. 9, 119 N. E. 878, Ann. Cas. 1918D, 316, the court said: "The contract creates the relation to which the law attaches the duty, and the same law which imposes the duty defines its orbit and its measure."

And in Barnhart v. American Concrete Steel Co., 227 N. Y. 531, 125 N. E. 675, 676, it said, referring to Post v. Burger, supra: "The court, however, did not mean that it was contractual in the strict sense, as was pointed out in Matter of Smith v. Heine Safety Boiler Co., 224 N. Y. 9, 119 N. E. 878, Ann. Cas. 1918D, 316."

But finally the court, in the Matter of Cameron v. Ellis Construction Co., 252 N. Y. 394, 169 N. E. 622, reached the conclusion that the Compensation Law legislation rests upon the idea of status as announced in Cudahy v. Parramore, supra. With this final conclusion of the state's highest court, agreeing with the pronouncements of the Supreme Court of the United States, it is clear that the obligation must be regarded as imposed, not as an implied contract, but rests upon the idea of status or relationship.

■ Contracts from which a debt might arise, as that term is used in the Bankruptcy Act (11 USCA), are, first, express contracts; second, contracts implied in fact; or, third, contracts implied in law, enforceable by action ex contractu or quasi contract. But the obligation imposed by law where the remedy is other than by action on contract expressed or implied does not give rise to a claim for debts as used in the Bankruptcy Act. Schall v. Camors, 251 U. S. 239, 40 S. Ct. 135, 64 L. Ed. 247. Implied contracts, as used in the Bankruptcy Act, do not include every obligation which the law may impose. Alimony in arrears, an obligation imposed by law, is not founded on contract, express or implied, but rather upon the natural and legal duty to support a wife. It results from a decree of the court of appropriate jurisdiction. Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009. The obligation of alimony, like the obligation to pay compulsory compensation, rests upon the relation or the idea of status which exists between the parties. There is a contract of marriage as there is a contract of employment creating the respective relationship to which the law attaches the duties commanded by the state. It is not a duty fixed by the agreement of the parties. The alimony is decreed by a court of competent jurisdiction; the award, by the compensation commissioner. Compensation Act, §§ 22, 123. See In re Cotton, 6 Fed. Cas. 617, No. 3,269; In re N. Y. Tunnel Co. (C. C. A.) 159 F. 688. Congress in the passage of the Bankruptcy Act, years before this new social legislation came into existence, did not foresee and provide for obligations thus imposed. It did not provide for such claims to be provable or dischargeable in bankruptcy pursuant to the provisions of section 63a (11 USCA § 103(a). It is clear that the obligation is not a quasi contractual one of the character which Congress intended to be provable and dischargeable under the 1898 act. If wisdom dictates that these claims should be provable in bankruptcy and priority given, it is a matter for Congress and not for the courts, but as yet Congress has not dealt with the subject.

■ It is argued that there is a promise to pay by reason of paragraph 6 of the Industrial Commission's form to which Auerbach & Sons agreed in their application for self-insurance. Paragraph 6 merely provides that, where the applicant asks the commission for authority to have self-insurance, the employer, pursuant to subdivision 3, § 50, of the Compensation Act, agrees to abide by all provisions of the act with reference to paying or furnishing of such compensation and the rules and regulations

adopted by the commission with respect to the same. This is merely declaratory of the duty imposed by law upon it as a self-insurer, and does not give rise to an express promise or contractual obligation made to the commissioner, for the benefit of all future claimants, which might be enforceable by them under the doctrine of third party beneficiary. The statute does not vest in the commissioner any power to exact an express promise to pay. When an applicant becomes self-insured under the act, the law defines his rights and obligations, and these may not be enlarged or decreased by an administrator of the law of the state.

It appears in the Lane Case that awards were made to the claimants, but no judgments have been entered thereon. An award is not equivalent to a judgment. Section 26 of the Compensation Act provides when a judgment may be entered on the award. Such awards are subject to revision by the commissioner. Compensation Act, §§ 22, 123. Again, if a claim for alimony is not provable when it is in judgment, on the same principle of obligation imposed, a compensation award made prior to the bankruptcy petition is not provable. Audubon v. Shufeldt, 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009.

We conclude that these awards and claims are not debts provable in bankruptcy under the provisions of the act.

Orders affirmed.