568

## In re OSTROWSKI.
### No. 20192.

District Court, W. D. New York.

July 26, 1933.

Albert G. Lange, of Buffalo, N. Y., for bankrupt.

John J. Bennett, Jr., Atty. Gen., and Vincent A. Tauriello, Asst. Atty. Gen., for State Industrial Commissioner.

KNIGHT, District Judge.

This is a motion to restrain the industrial commissioner of the state of New York from proceeding to collect wages of the above-named bankrupt upon a garnishee execution issued upon a judgment in favor of said industrial commissioner and against said bankrupt. The bankrupt contends this judgment is dischargeable in bankruptcy. The award of compensation was made for personal injuries sustained by bankrupt's employee.

The award was not a claim dischargeable in bankruptcy. Lane v. Industrial Commissioner of State of New York (C. C. A.) 54 F.(2d) 338, 342. Does the entry of a judgment upon the award create a debt which is dischargeable? Section 63 of the Bankruptcy Act (11 USCA § 103) provides that debts may be proved which are "(1) a fixed liability, as evidenced by a judgment." If this judgment is provable, it is dischargeable in bankruptcy. Section 17, Bankruptcy Act (11 USCA § 35).

In the Lane Case attention is called to the fact that no judgment had been entered upon the awards. It is also said: "An award is not equivalent to a judgment. Section 26 of the Compensation Act provides when a judgment may be entered on the award. Such awards are subject to revision by the commissioner." I do not think the court intended to indicate that judgment upon an award would be dischargeable. This thought is confirmed by the further statement of the court that, "if a claim for alimony is not provable when it is in judgment, on the same principle of obligation imposed, a compensation award made prior to the bankruptcy petition is not provable." The decisions of the courts are to the effect that liability for compensation is not based "upon a contract expressed or implied," but, as said in Cudahy Packing Co. of Neb. v. Parramore, 263 U. S. 418, 44 S. Ct. 153, 154, 68 L. Ed. 366, 30 A. L. R. 532, "upon the existence of the relationship which the employee bears to the employment because of and in the course of which he has been injured."

The Workmen's Compensation Law of New York (Consol. Laws, c. 67), § 26, provides for the entry of the judgment upon the filing of copy of the decision of the State Industrial Board awarding compensation. It also provides that the court may vacate or modify the judgment to conform to any later award or decision, and that it may be compromised by the board in such manner as may best serve the interests of the person entitled to the award. The same reasoning which applies to the award should apply to the judgment upon such award. The basis for the obligation is the same. A literal interpretation of section 63a, subd. 1, Bankr. Act, 11 USCA § 103 (a) (1), would apply that provision to every money judgment. This judgment is fixed in the sense that it is definite and creates a lien. However, in view of the provisions of section 26 of the New York Workmen's Compensation Act and the interpretation of the courts as regards the nature of a liability for compensation, I do not think that this judgment evidences a debt which is a fixed liability within the intent of section 63. The judgment upon the award is therefore not dischargeable.

Motion denied.