In the Matter of the Claim of WILLIAM DAVIDOWICZ, Respondent, against HAROLD D. KLIPSTEIN, Trustee of DEARBORN MANUFACTURING CORPORATION, Bankrupt, Appellant. HARTFORD ACCIDENT AND INDEMNITY COMPANY, Respondent. STATE INDUSTRIAL BOARD, Respondent.— Claimant was employed as an operator of a power press used for making paper pie plates. His hand was caught in the machine, crushing the hand and necessitating amputation of four fingers, and otherwise injuring the member, causing 100 per cent loss of use of the hand. At the time of injury claimant was less than seventeen years of age, and no employment certificate or vacation permit had been issued to him or in his behalf, and kept on file in the office of the employer. He was accordingly employed, permitted or suffered to work in violation of section 131 of the Labor Law. The Industrial Board has made an award against the employer and the carrier for 244 weeks at wage rate of $12.82, amounting to $3,128.08; and against the employer a further award of the same character and amount pursuant to section 14-a of the Workmen's Compensation Law, on account of the illegal employment of the infant claimant. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.

In the Matter of the Claim of WILLIAM SPINKS, Respondent, against AMERICAN MANUFACTURING COMPANY, Appellant, and STATE INSURANCE FUND. STATE INDUSTRIAL BOARD, Respondent.— This is an appeal by the employer, insured in the State Fund, as carrier, from an award and decision of the State Industrial Board which approves a previous decision of the Board. An appeal was taken and this court in March, 1935 [243 App. Div. 828], ordered that the award be reversed and the matter remitted to the State Industrial Board on the grounds that the review was not had before the entire Board, and the determination had not been concurred in by three members thereof. The award has now been confirmed and concurred in by the full Board. The appellant on behalf of the employer and carrier claims that their substantial rights have been prejudiced by not having notice of the acts of the Board. Notice was given of the determination of the Board, and this appeal has resulted. The reversal did not call for the reopening of the case and the procedure was in accordance with the Workmen's Compensation Law. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Rhodes, McNamee, Crapser and Heffernan, JJ.