In re DEARBORN MFG. CORPORATION.
No. 28071.

District Court, E. D. New York.
March 12, 1937.

764

John J. Bennett, Jr., Atty. Gen., of State of New York (Joseph A. McLaughlin, Isaac Frank, and Edward A. Davis, Asst. Attys. Gen., of counsel), for Industrial Commission of New York, for the motion.

Bart J. O'Rourke, of New York City, for William Davidowicz, for the motion.

Harold H. Levin, of New York City, for trustee.

CAMPBELL, District Judge.

This matter comes before this court on a petition to review the order of the referee dated the 11th day of December, 1936, expunging and rejecting the claims of William Davidowicz and Bart J. O'Rourke, and denying the cross-motion of the Industrial Commissioner of the state of New York, and for a further order directing that the claim of William Davidowicz in the sum of $3,128.08, be allowed, not only upon the assets of the bankrupt, but also allowed as a lien upon the assets of the bankrupt in the sum of $3,128.08 over the claims of general creditors.

The petitioner William Davidowicz was employed by the bankrupt Dearborn Manufacturing Corporation, above named, and was at the time a minor within the meaning of the Workmen's Compensation Law (Consol.Laws, c. 67), and while in the employ of the said Dearborn Manufacturing Corporation, bankrupt, and still a minor as aforesaid, he sustained injuries arising out of and in the course of his employment, and filed a claim against the Dearborn Manufacturing Corporation, bankrupt, with the Department of Labor of the state of New York for compensation under the Workmen's Law of the state of New York, as a result of said injuries which were received on the 21st day of July, 1933.

Thereafter, a hearing was held upon the said claim before the Industrial Board of the state of New York, at which hearing all parties in interest were present, and at said hearing the Industrial Board determined the said claim in favor of the said William Davidowicz and against the Dearborn Manufacturing Corporation, the above-named bankrupt, and found that the said William Davidowicz sustained 100 per cent. loss of use of the right hand as a result of said accidental injuries, and awarded him compensation against the above-named bankrupt and against the Hartford Accident Insurance Company, its insurance carrier for 100 per cent. loss of use of the right hand covering 244 weeks compensation at the rate of $12.82 per week, amounting to the sum of $3,128.08, payable 82 weeks from July 21, 1933, to February 5, 1935, at the rate of $12.82 per week and thereafter $25.64 every 2 weeks for 162 weeks. At the same hearing the said Industrial Board made an additional award for 100 per cent. loss of use of the right hand against the employer solely, and not against the said Hartford Accident Insurance Company, of the same amount of $3,128.08 because of the violation of section 131 of the Labor Law of the state of New York (Consol.Laws, c. 31), as amended by Laws 1928, c. 725, § 2, with a lien on said award in the sum of $200 payable to Bart J. O'Rourke, representing the said William Davidowicz $100 to be deducted from award against carrier and $100 from award against employer.

Section 131 of the Labor Law aforesaid provides as follows:

"*Employment of children between the ages of fourteen and seventeen.* 1. No child between fourteen and seventeen years of age except as provided in subdivision two of this section shall be employed in or in connection with or for any factory, establishment, trade, business or occupation specified in section one hundred and thirty, unless either an employment certificate or a vacation work permit issued in accordance with the provisions of the education law is kept on file in the office of the employer at the child's place of employment authorizing the employer named therein to employ said child. But no child for whom a vacation work permit has been issued shall be employed

in or in connection with a factory or during such hours as school is in session. The employment of a child for whom a vacation work permit has been issued shall be unlawful after the opening of school in September following the date of its issuance until a new vacation work permit shall have been issued for him."

It was found that the said William Davidowicz was employed by the above-named bankrupt in violation of said section 131, and because of said violation the Industrial Board not only awarded the said William Davidowicz compensation in the sum of $3,128.08 for 100 per cent. loss of the use of the right hand, but an additional sum of $3,128.08 for the said 100 per cent. loss of use of the right hand against the said employer solely pursuant to section 14-a of the Workmen's Compensation Law, reading as follows:

"*Double compensation and death benefits for minors illegally employed.* 1. Compensation and death benefits as provided in this article shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor under eighteen years of age employed, permitted or suffered to work in violation of any provision of the labor law or in violation of any rule heretofore or hereafter adopted by the board pursuant to subdivision eleven of section one hundred and forty-six of said law. 2. The employer alone and not the insurance carrier shall be liable for the increased compensation or increased death benefits provided for by this section. Any provision in an insurance policy undertaking to relieve an employer from such increased liability shall be void."

The question here raised is only with reference to the claims based on the additional award of $3,128.08 made against the said Dearborn Manufacturing Corporation, bankrupt, solely because of the violation of section 131 of the Labor Law and made pursuant to section 14-a of the Workmen's Compensation Law, supra.

An involuntary petition in bankruptcy was filed against the above-named Dearborn Manufacturing Corporation in this district on the 9th day of May, 1935, and subsequently the said Dearborn Manufacturing Corporation was duly adjudicated a bankrupt and Harold H. Levin was elected trustee in bankruptcy of said Dearborn Manufacturing Corporation, bankrupt.

Within the time prescribed by law the said William Davidowicz made a claim against the said Dearborn Manufacturing Corporation, bankrupt, based upon the additional award and also filed an amended claim with permission and leave of the court and consent of the attorney for the trustee, wherein the said William Davidowicz claimed a lien in the amount of $3,128.08 against the assets of the above-named Dearborn Manufacturing Corporation, bankrupt, pursuant to section 34 of the Workmen's Compensation Law and section 64, subdivision (7) of the Bankruptcy Act, as amended (11 U.S.C.A. § 104, subd. (7).

The Industrial Commissioner of the state of New York made a cross-motion for leave to intervene and to file a claim against the Dearborn Manufacturing Corporation, bankrupt, above named, based upon the said additional award of $3,128.08 made against the above-named bankrupt solely, as above stated, which was done by way of consolidating same with the claim of William Davidowicz against Dearborn Manufacturing Corporation, bankrupt, and whereon there was asserted a lien upon the assets of the said Dearborn Manufacturing Corporation, bankrupt, pursuant to section 34 of the Workmen's Compensation Law and section 64, subdivision 7, of the Bankruptcy Act, which claim is based not only upon the said additional award, but also upon the judgment that was entered on said claim in favor of the Industrial Commissioner of the state of New York and against the said Dearborn Manufacturing Corporation, bankrupt, for said amount, pursuant to section 26 of the Workmen's Compensation Law of the state of New York.

The referee properly denied the motion of the Industrial Commissioner of the state of New York for leave to file a claim and to intervene as the six-month period had elapsed before such motion was made and no claim could legally be filed more than six months after the said Dearborn Manufacturing Corporation, bankrupt, had been adjudicated a bankrupt. Section 57 of the Bankruptcy Act, as amended (title 11, § 93, U.S.Code [11 U.S.C.A. § 93]).

The referee expunged both the claim and the amended claim filed by William Davidowicz on the ground that the additional award made against the bankrupt under the Workmen's Compensation Law was in the nature of a penalty.

Prior to June 7, 1934, awards made by the Industrial Accident Commission were not allowed as proof of claim in bankruptcy. Lane v. Industrial Commissioner (C.C.A.) 54 F.(2d) 338, 86 A.L.R. 765.

The reason therefore was that the awards were not based upon a contractual liability, but solely upon a statutory liability, for which no provision was made in the Bankruptcy Act as to provable claims against the bankrupt's estate.

To overcome the effect of that decision, Congress amended section 63 of the Bankruptcy Act by including therein section 103, title 11 U.S.Code (11 U.S.C.A. § 103), which among other things recites as follows:

"Debts of the bankrupt may be proved and allowed against his estate which are * * * founded upon an award of an industrial accident commission, or other commission, body or officer, of any State or Territory having power or jurisdiction to make awards as workmen's compensation in case of injury or death for injury prior to adjudication; the amount of any damages, as evidenced by a judgment of a court of competent jurisdiction, in any action for negligence instituted prior to adjudication of defendant in such action in bankruptcy and pending at the time of the filing of petition in bankruptcy, whether voluntary or involuntary."

■ On behalf of the Industrial Commissioner it is contended that by section 103, supra, it was the intention of Congress to allow any kind of award as a provable claim in bankruptcy so long as it was made by an Industrial Accident Commission, but that contention has not been sustained, as what was intended by the amendment was to permit proof of a debt based upon an award for compensation "for injuries," and not to include awards made by way of penalty for disobedience of the law.

■ The object of the bankruptcy law is the equitable distribution of the debtor's assets among his creditors. Kuehner v. Irving Trust Co., 57 S.Ct. 298, 301, 81 L. Ed. ——.

Fines imposed for contempt of court are penalties unprovable in bankruptcy. Spalding v. State of New York, 4 How. (45 U.S.) 21, 11 L.Ed. 858; In re Thomashefsky (C.C.A.) 51 F.(2d) 1040; People ex rel. Otterstedt v. Sheriff of Kings County (D.C.) 206 F. 566; In re Francisco (D.C.) 245 F. 216.

And the claim herein does not lose its character of a penalty simply because the award is turned over to the infant. In re Koronsky (C.C.A.) 170 F. 719.

While there have been decisions that a statute providing for fixed damages where a copyright is infringed is not a penalty statute (Brady v. Daly, 175 U.S. 148, 20 S.Ct. 62, 44 L.Ed. 109), and that an action brought under section 7 of the Anti-Trust Law (15 U.S.C.A. § 15 note) based upon alleged excessive price plaintiff was compelled to pay for a manufactured article by reason of a combination between the defendant and others to prevent competition and enhance the price of such article in violation of such statute where the damages given by statute were three times the damages sustained was not a penalty, City of Atlanta v. Chattanooga Foundry & Pipeworks (C.C.A.) 127 F. 23, 64 L.R.A. 721, these were not cases in bankruptcy.

■ The test in this case it seems to me is whether the purpose was reparation to one aggrieved or vindication of the public justice. Huntington v. Attrill, 146 U.S. 657, 668, 13 S.Ct. 224, 36 L.Ed. 1123.

■ Taking the provision for the double award as a whole, it seems clear to me that what was intended was to punish the employer who violated the statute and to deter others from such violation.

This is clearly shown by the fact that the employer alone is made responsible for the increased compensation, and any provision in an insurance policy undertaking to relieve an employer from such increased liability is void.

The very purpose of requiring the employer to carry insurance is to secure the employee against loss by reason of the inability of the employer to pay, and yet as to the increased compensation which forms the basis of the claims in question herein, that security is taken away for the sole purpose of punishing the employer by making it impossible for the employer to insure against it and that constitutes the imposition of a penalty.

Section 14-a, supra, is penal in its effect. Tesar v. National Ventilating Co. et al., 227 App.Div. 333, 334, 237 N.Y.S. 488.

Under a similar penalty statute in the state of Wisconsin providing for a double award if the injured employee is permitted to work without a written permit, the highest court of that state in Calvetti v. Gas-

barri, 201 Wis. 297, 230 N.W. 130, 132, said:

"However, penalty provisions are to be strictly construed. and to double the compensation for failure to have the permit on file is to inflict a penalty of great severity."

The claims in question in this case are for a penalty and were properly expunged and rejected by the referee.

The petition to review the order in question of the referee is denied and overruled and the order sought to be reviewed is confirmed.

Settle order on notice.