**In re DEARBORN MFG. CORPORATION.**

**DAVIDOWICZ et al. v. KLIPSTEIN.**

**No. 26.**

Circuit Court of Appeals, Second Circuit.

Nov. 1, 1937.

John J. Bennett, Jr., Atty. Gen.. (Henry Epstein, Sol. Gen., of Albany, N. Y., and Joseph A. McLaughlin and Isaac Frank, Asst. Attys. Gen., of counsel), for the Industrial Board of the State of New York.

Albert Watman, of New York City, for appellant Davidowicz.

Harold H. Levin, of New York City, for appellee.

Before MANTON, L. HAND, and MACK, Circuit Judges.

MANTON, Circuit Judge.

Appellant Davidowicz' claim for $3,-128.08 as workmen's compensation, additionally awarded by the Industrial Board of New York for personal injuries suffered while he was employed as a minor by the bankrupt, was rejected below. An award was also made against the bankrupt's insurance carrier for 244 weeks' compensation payable in weekly installments. At the same time the Industrial Board made an additional award against the employer alone, and not against the insurance carrier, because of a violation of section 131 of the Labor Law of New York (as amended by Laws 1935, c. 438, § 12 [Consol.Laws N.Y. c. 31]), with a sum payable to the attorney for the injured employee as his fee. Section 131 of the Labor Law provides that "no child between sixteen and eighteen years of age * * * shall be employed in * * * any factory * * * unless either a standard employment certificate, a special employment certificate or a vacation work permit issued in accordance with the provisions of the education law is kept on file in the office of the employer at the child's place of employment authorizing the employer named therein to employ said child." Appellant Davidowicz worked for the bankrupt while a minor without compliance with, and therefore in violation of, this statute.

The additional award is provided for by section 14-a, subd. 2, of the Workmen's Compensation Law of the State of New York (Laws of 1923, c. 572, as amended Laws 1935, c. 603 [Consol.Laws N.Y. c. 67]), which grants double compensation for employing minors illegally. It provides that the employer alone and not the insurance carrier shall be liable for the increased compensation.

The bankrupt's petition was filed May 9, 1935, and Dearborn Manufacturing Corporation was duly adjudged a bankrupt. Appellant Davidowicz filed his claim for the additional sum of $3,128.08 which was awarded him against the bankrupt and asserts a lien against the assets of the bankrupt for this sum. Section 64b (7) of the Bankruptcy Act as amended May 27, 1926, c. 406, § 15, 44 Stat. 666, 11 U.S.C.A. § 104 (b) (7); section 34 of the Workmen's Compensation Law as amended by Laws of 1932, c. 248.

The industrial commissioner of the state of New York, by cross-motion, asked to intervene to file a claim against the bankrupt. This was done by way of consolidating the same with the claim of the appellant Davidowicz against the bankrupt. A lien is asserted upon the assets of the bankrupt pursuant to section 34 of the Workmen's Compensation Act and section 64b, subd. 7 of the Bankruptcy Act (11 U.S.C.A. § 104 (b) (7). The claim is based not only upon the additional award, but also upon the judgment that was entered on the claim in favor of the industrial commissioner of New York against the bankrupt for the amount paid pursuant to section 26 of the Workmen's Compensation Law of New York. Davidowicz v. Klipstein, 246 App.Div. 875, 285 N.Y.S. 66, affirmed 272 N.Y. 543, 4 N.E.(2d) 728. The motion was properly disallowed, as the six-month period had elapsed before the motion was made and no claim could be legally filed more than six months after the company had been adjudged a bankrupt. Section 57n of the Bankruptcy Act as amended May 27, 1926, c. 406, § 13, 44 Stat. 666, 11 U.S.C.A. § 93 (n).

The court below expunged the claim filed by Davidowicz on the ground that the additional award made against the bankrupt under the Workmen's Compensation Law was in the nature of a penalty. Prior to the amendment of section 63 of the Bankruptcy Act, 30 Stat. 562 (section 4 (a), 48 Stat. 923 [11 U.S.C.A. § 103 and note]), we held (Lane v. Industrial Com'r, 54 F.(2d) 338, 86 A.L.R. 765), an award by the Industrial Board of the State of New York not provable as a claim in bankruptcy. But the Bankruptcy Act was amended by section 4 (a), 48 Stat. 923, 11 U.S.C.A. § 103 and note, to read: "Debts of the bankrupt may be proved and allowed against his estate which are * * * founded upon an award of an industrial accident commission * * * having power or jurisdiction to make awards as workmen's compensation in case of injury."

From this it is clear that Congress intended to grant a remedy to injured workmen to whom awards might be made who theretofore were without any right to participate as claimants against the bankrupt. Since double compensation is now recoverable by a minor injured in his employment and the appellant Davidowicz has had such an award made prior to the adjudication of the bankrupt, he may prove his claim unless forbidden by the Bankruptcy Act.

It is recognized that the object of the bankruptcy law is the equitable distribution of the debtor's assets among his creditors. Clarke v. Rogers, 228 U.S. 534, 548, 33 S. Ct. 587, 57 L.Ed. 953. It has been held that funds for contempt of court are penalties not provable in bankruptcy. In re Thomashefsky (C.C.A.) 51 F.(2d) 1040. In the City of Atlanta v. Chattanooga Foundry (C.C.A.) 127 F. 23, 64 L.R.A. 721, affirmed 203 U.S. 390, 27 S.Ct. 65, 51 L.Ed. 241, a statute which had to do with both a civil remedy and criminal punishment was under consideration, and the court defined the character of the civil remedy as distinguished from the criminal punishment. Referring to recovery for damages in a suit at law, the court said (page 29 of 127 F.): "It is not reasonable to construe the remedy so conferred as a penal action, for that would be to add to the punishment by fine or imprisonment imposed by the other sections of the act an additional punishment by way of pecuniary penalty. The plain intent is to compensate the person injured. True, the compensation is to be three times the damage sustained, but this enlargement of the compensation is not enough to constitute the action a penal action, within the meaning of section 1047, Rev.St. (U.S.Compiled Statutes 1901, p. 727 [28 U.S.C.A. § 791])."

And the court in Brady v. Daly, 175 U. S. 148, 20 S.Ct. 62, 44 L.Ed. 109, in expressing a reasonable test to be applied in ascertaining whether a certain recovery should be characterized as a penalty, said that, in an action given by statute to a traveler injured through a defect in a highway for double damages against the town, it was unnecessary to aver that the facts constitute an offense or to conclude against the form of the statute because the action is purely remedial and has none of the characteristics of a penal prosecution. The damages for neglect of duty operate to a certain extent as punishment, but the distinction is that it is prosecuted for the purpose of punishment to deter others from offending in like manner.

The purpose of this double penalty is not to vindicate a public policy but rather to afford reparations to Davidowicz. It is an award to a private person for a compensatory purpose, and the Second Report of the New York State Commission to examine laws relating to child welfare (Legislative Document, 1923, No. 111) shows such definite purpose which may be based on the theory that larger verdicts are awarded to infants by juries than would ordinarily be awarded to an adult similarly injured.

Section 57j of the Bankruptcy Act (30 Stat. p. 561, 11 U.S.C.A. § 93 (j) ) states that "debts owing to the United States, a State, a county, a district, or a municipality as a penalty or forfeiture shall not be allowed, except for the amount of the pecuniary loss sustained by the act, transaction, or proceeding out of which the penalty or forfeiture arose, with reasonable and actual costs occasioned thereby and such interest as may have accrued thereon according to law." The appellant's claim is not barred by this section. Indeed, section 63a of the Bankruptcy Act dealing with provable claims specifically allows a claim awarded by this Industrial Commission. Chapter 424, § 4 (a), 48 Stat. 923, 11 U.S.C.A. § 103 and note. And section 34 of the Workmen's Compensation Law grants a preference to the appellants. Section 64 of the Bankruptcy Act, as amended (11 U.S.C.A. § 104), grants priority to the appellants in advance of the payment of dividends to creditors. This claim should have been allowed.

Order reversed.