### In re RAIKEN.
### No. 7405.

District Court, D. New Jersey.
May 17, 1940.

David Bobker, of Newark, N. J., for trustee.

Raymond H. Berry, of Newark, N. J., for claimant.

FAKE, District Judge.

The issues here arise on a contested claim filed in the bankruptcy proceedings.

An involuntary petition in bankruptcy was filed against Harry Raiken, trading as Raiken Monument Works, on October 25, 1937, and two days later an order of adjudication was entered thereon by consent.

The claimant Oscar Johnson obtained a determination and rule for judgment against Raiken, before the Workmen's Compensation Bureau of New Jersey, for injuries sustained in the course of his employment, and pursuant to the state statute a judgment was entered thereon in the office of the Clerk of Essex County on September 13, 1937. On November 19, 1937 Johnson filed the claim in question basing it upon the aforesaid judgment.

Question now arises as to whether this claim is to be dealt with pursuant to the provisions of the Bankruptcy Act as it was prior to the amendments of·June 22, 1938, known as the Chandler Act. In this connection, the Chandler Act pro-

vides, under Sec. 6(b), 11 U.S.C.A. § 1 note: "Except as otherwise provided in this amendatory Act, the provisions of this amendatory Act shall govern proceedings so far as practicable in cases pending when it takes effect; but proceedings in cases then pending to which the provisions of this amendatory Act are not applicable shall be disposed of conformably to the provisions of said Act approved July 1, 1898, and the Acts amendatory thereof and supplemental thereto."

In United States v. Marxen, 307 U.S. 200 at page 207, 59 S.Ct. 811, at page 815, 83 L.Ed. 1222, Mr. Justice Reed said: " * * * the rights of creditors are fixed by the Bankruptcy Act as of the filing of the petition in bankruptcy." Therefore, the rights of the claimant Johnson in the instant case are to be determined by the provisions of the Bankruptcy Act, 11 U. S.C.A. § 1 et seq., as they were prior to the Chandler amendments. This conclusion is strengthened by the language of the Chandler Act above wherein it provides that pending cases to which the Chandler Act is not applicable shall be disposed of under the Act of 1898. This case does not come within the Chandler Act, since that Act makes no reference to priorities allowed by state laws and the older Bankruptcy Act does.

The Bankruptcy Act of 1898, as amended and supplemented, provided that wages due workmen "which have been earned within three months before the date of the commencement of the proceeding," shall have priority in advance of the payment of dividends to creditors. Sec. 64, sub. b(5), 11 U.S.C.A. § 104, sub. b(5). It was under this provision that the Referee made his findings as to the claim in question and fell into error as hereinafter appears.

The Workmen's Compensation Act, Revised Statutes of New Jersey, 1937, Vol. II, 34:15–29, N.J.S.A. 34:15–29, provides: "The right of compensation granted by this chapter shall have the same preference against the assets of the employer as is now or may hereafter be allowed by law for a claim for unpaid wages for labor."

It should be noted that in treating with the subject of wages, the Bankruptcy Act does so strictly in the sense of wages as such and not in the sense that compensation insurance income could be construed as wages. This, I think, must be concluded for many reasons; prominent among them, is a point which the Referee makes in his report. He says: "All laborers are entitled to wages. It was undoubtedly the determination of the legislative body that these people who created assets immediately prior to the filing of the petition and had not received payment for such creations, should be set apart in this privileged class." With this thought I am in full accord. But there is a still more compelling reason. It is found in the use of the word "earned" in Sec. 64, sub. b(5). That section clearly refers to earned wages only, which is to say, to wages based upon services rendered. Monies to be paid for occupational injuries can not reasonably be so classified. Nor can the language of the state statute result in such a finding, since the state is powerless to amend the federal statute. It follows that Johnson can not recover as a priority claimant under Sec. 64, sub. b(5) of the Bankruptcy Act of 1898 as amended.

Passing now to Sec. 64, sub. b(7) of the aforesaid Act, it is found that "debts owing to any person, * * * who by the laws of the United States, * * * is entitled to priority," shall have priority in bankruptcy in advance of the payment of dividends to creditors. It is my view that the claimant here is entitled to have his claim allowed under this provision.

The question then is: What does the law of the state allow the claimant? Again referring to the language of the State Workmen's Compensation Act, supra, it is found that the judgment upon which the claimant relies "shall have the same preference * * * as is * * * allowed by law for * * * unpaid wages for labor." On this point attention is directed to In re Worcester County, 1 Cir., 102 F. 808 at page 816, wherein it is held: "We are unable to conceive of any priority to which any one may be entitled by the laws of a state, under section 64 of the bankruptcy act, unless it be a priority created by insolvent laws of that character." (Referring to the insolvency laws of Massachusetts Pub.St. c. 157, § 104.) " * * * However all this may be, section 64, as we have said, necessarily refers to the class of laws which we have cited from the Public Statutes, because on no practical, sensible theory could it refer to any other". In the instant case, this points directly to the New Jersey statute relating to assignments for the benefit of credi-

tors, 1 Revised Stat. of N.J., 2:34–32, N. J.S.A. 2:34–32, wherein it is provided that: "The wages of clerks, mechanics and laborers due from the assignor at the time of the general assignment, shall be preferred and shall be paid by the assignee before any other claim or debt. * * * No payment of more than three hundred dollars shall be made as a preferred debt to any one person". The balance of the claim if any "shall be entitled to all dividends to be calculated upon such balance."

It follows that Johnson, the claimant here, is entitled to the priority which Sec. 64, sub. b(7) of the Bankruptcy Act of 1898 as amended affords him and that the amount thereof is fixed by the state statute at $300. As to the balance of his claim, he is entitled to dividends as a general creditor.

An order will be entered in conformity herewith.