[Civ. No. 15662.   Second Dist., Div. One.   Aug. 22, 1947.]

GRACE C. WILCOX, Respondent, v. HENRY C. ROHR, as Executor, etc., Appellant.

Henry C. Rohr, in pro. per., for Appellant.

Archie McWilliam and Henry F. Walker for Respondent.

YORK, P. J.—This is an appeal by defendant, as executor of the estate of Charles L. Rogers, deceased, from a judgment quieting plaintiff's title to certain realty and determining that defendant executor and decedent's estate have no right, title or interest therein.  This appeal is presented upon an agreed statement from which it appears that respondent and her husband, Oscar C. Wilcox, were owners as joint tenants of the property here involved.  Also, that in June of 1936, Charles L. Rogers was employed by said Oscar C. Wilcox, and "while so employed, sustained an injury arising out of" and in the course of said employment, "resulting in permanent dis-

ability." On January 10, 1940, the Industrial Accident Commission made an award in favor of the employee Rogers for $3,615, which included an additional 10 per cent because the employer Wilcox "was wilfully uninsured." The judgment based upon such award was entered on August 9, 1940. In the meanwhile, on February 6, 1940, the employer Wilcox was adjudged a bankrupt, and the schedule of debts contained in his petition in bankruptcy listed as a debt the award in favor of the employee Rogers. He received his discharge in bankruptcy on December 5, 1940.

Mr. Rogers died on February 26, 1941, and appellant was duly appointed executor of his estate. However, prior to such death, execution issued on the judgment arising out of the award of the Industrial Accident Commission, and levy was made upon the interest of the employer Wilcox in the realty in question, as a result of which appellant obtained title to a one-half interest therein pursuant to a deed dated July 31, 1942, executed by the marshal of the Municipal Court of the City of Los Angeles.

Mr. Wilcox died on May 26, 1944, whereupon respondent, the surviving widow, instituted the present action to quiet her title to said realty.

Appellant contends that the judgment lien arising from the abstract of the judgment which arose out of the award of the Industrial Accident Commission constitutes a lien on one-half of the joint tenancy property and that the sale of said property by the marshal pursuant to a writ of execution, transferred to him the one-half interest in the joint tenancy property which had been owned by Oscar S. Wilcox, the bankrupt employer.

Respondent claims that her husband's discharge in bankruptcy discharged the debt; that the lien of appellant "by virtue of the abstract of the judgment and the Marshal's execution sale is of no force," and that as surviving joint tenant she is the owner of the entire property free and clear of any claim asserted by appellant.

It is agreed that the sole question for determination on this appeal is: "Does a discharge in bankruptcy operate to discharge a judgment arising out of an award of the Industrial Accident Commission of the State of California given to an employee against a wilfully uninsured employer?"

Appellant argues that the employer's failure to procure workmen's compensation insurance "was a violation of the

law; it was willful; it was malicious because it was wrongful and intentional without just cause or excuse; and it resulted in injury to the employee by depriving him of financial benefits which he would otherwise have received. Hence, the judgment debt is within the exception from discharge in bankruptcy.''

Under the Bankruptcy Act certain debts are not affected by a discharge. The statute upon that subject, insofar as is pertinent herein, reads as follows:

''A discharge in bankruptcy shall release a bankrupt from *all of his provable debts . . . except such as . . .* (2) *are liabilities for . . . willful and malicious injuries to the person or property of another.''* (11 U.S.C.A. § 35, as amended in 1938.) (Emphasis added.)

Prior to 1934, a claim based on a workman's compensation award was *not provable* against the estate of his bankrupt employer. (*Lane* v. *Industrial Comr.,* 54 F.2d 338 [86 A.L.R. 765], annotated in 86 A.L.R. 770.) In 1934, the provision of the Bankruptcy Act relating to provable debts was amended to read: ''Debts of the bankrupt may be proved and allowed against his estate which are founded upon (1) a fixed liability as evidenced by a judgment . . . ; (6) an award of an industrial-accident commission, body or officer of any State having jurisdiction to make awards of workmen's compensation in case of injury or death from injury, if such injury occurred prior to adjudication.'' (11 U.S.C.A. § 103.) Under this amendment, a claim based on an award for workmen's compensation is provable in bankruptcy. (*Gale* v. *Freidenrich,* 71 F.2d 1006; *In re Dearborn Mfg. Corp.,* 92 F.2d 417.) In the Dearborn case, *supra,* it was held that the intent of the amendment to the bankruptcy statute, making a debt founded upon an award of an industrial accident commission provable in bankruptcy, is to grant a remedy to an injured workman, who prior to the amendment could not participate as a claimant against the bankrupt.

The injury, upon which the award to the employee herein was based, arose out of his employment and not as the result of any act on the part of the bankrupt employer; hence, such award is not embraced within the exception from discharge of debts for ''willful and malicious injuries to the person or property of another.'' (11 U.S.C.A. § 35.) However, appellant makes the claim that the additional 10 per cent award made pursuant to section 4554, Labor Code, on account of the

willful failure of the employer to procure insurance, is in the nature of a penalty and is neither provable nor dischargeable in bankruptcy. In support of this contention, appellant cites the case of *Dearborn Mfg. Corp.* v. *Klipstein*, 18 F.Supp. 763, a decision by the U. S. District Court for the Eastern District of New York, on the question of nondischargeable penalties. As a matter of fact, on an appeal therefrom, the U. S. Circuit Court of Appeals for the Second Circuit reversed the judgment of the district court and held that an additional award made to an injured workman by the State Industrial Commission of New York State for double compensation, because the workman was illegally employed while a minor, was provable in the employer's bankruptcy, notwithstanding the statute prohibiting allowance of claims for mere penalties. (*In re Dearborn Mfg. Corp.*, 92 F.2d 417.)

The Bankruptcy Act expressly makes industrial accident awards provable in bankruptcy and provides that all provable debt shall be discharged through bankruptcy except for a few enumerated exemptions. In the instant case, it was not established that the award here involved, although a provable debt, came within any of the exceptions.

For the reasons stated, the judgment appealed from is affirmed.

Doran, J., and White, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied October 20, 1947.