## In re MACKENZIE COACH LINES, Inc.

### Bankr. No. 70284.

United States District Court
D. Massachusetts.

Sept. 27, 1951.

490

Louis K. Nathanson, Boston, Mass., trustee and Henry Friedman, Boston, Mass., for trustee.

A. Norman Somers, Asst. Gen. Counsel, Gerald Krassa, Washington, D. C., for National Labor Relations Board.

WYZANSKI, District Judge.

The National Labor Relations Board has petitioned for review of the order of Referee in Bankruptcy Smart, which disallowed the Board's claim. These are the facts—

On January 3, 1947 the Board issued a complaint against the present bankrupt and another alleging that they had engaged in unfair labor practices in violation of the National Labor Relations Act, 29 U.S.C.A. § 151 et seq. After appropriate proceedings, the Board on February 4, 1948 ordered the bankrupt to pay certain persons back pay from the date of discrimination found by the Board to the date of an offer of reinstatement. June 7, 1948 an involuntary petition in bankruptcy was filed against the bankrupt. December 7, 1948 the Court of Appeals of this Circuit entered its decree enforcing the Board's order. March 15, 1949 the Board filed with the Referee its proof of claim for the back pay of the persons covered by the court's decree. The Referee held a hearing on April 17, 1950 at which he entertained an amendment to the claim and took evidence. June 29, 1950 the Referee disallowed the claim. His reasons, given in his December 1, 1950 certificate to this court, were that the persons covered by the back pay order were not employees of the bankrupt; that the claims of those persons had, in any event, been compromised by them and the bankrupt; and that the claims were not liquidated.

Neither the reasons given by the Referee, nor the additional reasons urged in this court by the Trustee in Bankruptcy warranted the Referee's action in disallowing the Board's amended claim.

■ 1. The National Labor Relations Board is the exclusive agency, subject to review by appellate courts of the United States, for determining whether under the National Labor Relations Act, a person is an "employer" of another and obligated to make restitution to that other. § 10(a) of the National Labor Relations Act, as amended. Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 58 S.Ct. 459, 82 L. Ed. 638. A referee in bankruptcy has no authority at any stage to rule upon such matters.

2. The Board's order of February 4, 1948 was a final administrative determination that the future bankrupt was liable to make compensation according to a declared formula. Although the bankrupt's failure to comply with that order would not have been a contempt or a crime, the order constituted an obligation fixed by a quasi-judicial agency and enforceable in an appellate court. Unless an aggrieved party sought review in an appellate court the order represented the ultimate decision on liability by a tribunal created by Congress for the resolution of particular types of controversies.

■ The precise problem is whether such a final decision on liability by a quasi-judicial agency is a "judgment" within § 63, sub. a(1) of the Bankruptcy Act, 11 U.S.C.A. § 103, sub. a(1). The objections to so regarding it are that the Board's order is not denominated a judgment; it does not appear upon a technical judgment-roll; it was made by persons called officers rather than judges; and it is enforceable only in a United States appellate court and is not self-executing, nor subject to levy by a marshal or sheriff, nor appropriate for contempt proceedings, nor available as a quasi-contractual right presentable to a court of general jurisdiction. These distinctions are undeniable. But they have nothing to do with the policy of the Bankruptcy Act. As shown by the conjunction of the word "judgment" and the phrase "an instrument in writing", § 63, sub. a(1)

is not concerned with differences between judicial and quasi-judicial tribunals. The word "judgment" as used in that section means no more than a final and hence certain determination of liability made by an appropriate public tribunal prior to the petition in bankruptcy. The order of the National Labor Relations Board of February 4, 1948 which finally determined liability and prescribed the formula for calculation of compensation is such a "judgment". Lane v. Industrial Commissioner, 2 Cir., 54 F.2d 338, 86 A.L.R. 765, affirming In re Auerbach, D.C.S.D.N.Y., 53 F.2d 482 seems to be contrary to my reasoning. But I regard the opinion as unpersuasive.

In reaching my conclusion that the Board's order was a judgment I have not overlooked the point that although liability had been fixed, it was necessary to compute amounts of compensation due under the formula. But as the patent cases teach, this future calculation did not prevent the Board's order from constituting "a fixed liability, as evidenced by a judgment * * absolutely owing at the time of the filing of the petition". Haynes Stellite Co. v. Chesterfield, 6 Cir., 97 F.2d 985, 986.

3. After the Board issued its order, there were various attempts of the bankrupt and others to effectuate a compromise. No purpose would be served by reviewing the evidence. For there is no adequate showing that the Board gave anyone authority to act for it in reducing the bankrupt's obligation to the Board, or that any agent of the Board entered into any final agreement for a commutation of the liability. Unless the Board consents, the bankrupt's obligation to the Board cannot be effectively compromised. Agreements made with an employer by actual or prospective recipients of back pay awards cannot defeat the Board's rights.

4. The Board's claim is entitled to priority as a debt owing to the United States under § 64, sub. a(5) of the Bankruptcy Act, 11 U.S.C.A. § 104, sub. a(5). N.L.R.B. v. Killoren, 8 Cir., 122 F.2d 609, 137 A.L.R. 510. Cf. Bramwell v U.S. Fidelity Co., 269 U.S. 483, 46 S.Ct. 176, 70 L.Ed. 368.

Ordered that (1) the Referee's disallowance of the Board's amended claim be set aside, (2) the Referee permit the matter to stand in abeyance for 2 months to permit the Board, in accordance with the National Labor Relations Act, to fix the precise amount now owing from the bankrupt to the Board and to file with the Referee an amendment to its claim showing such amount, and (3) the Referee proceed in other respects in accordance with this opinion.