**In re Ronald BERSAGLIA, Lisa Bersaglia, Debtors.**

No. 97–70062.

United States Bankruptcy Court,
E.D. Kentucky,
Pikeville Division.

Oct. 30, 2000.

James D. Lyon, Lexington, KY, trustee pro se.

John C. Dorsey, Frankfort, KY, for Uninsured Employers' Fund.

---

## MEMORANDUM OPINION AND ORDER

WILLIAM S. HOWARD, Chief Judge.

This matter is before the Court on the trustee's Objection to Proof of Claim # 47 of the Kentucky Uninsured Employers' Fund ("the UEF"), and the UEF's Response. The UEF seeks to have $4,000.00 of its total $12,000.00 claim designated a priority claim pursuant to 11 U.S.C. § 507(a)(3), citing KRS 342.175 which provides that "[a]ll right of compensation granted by this chapter shall have the same preference or priority for the whole thereof against the assets of the employer as is allowed by law for any unpaid wages for labor." The trustee objected on the basis that the proof of claim provided no evidence that the compensation at issue was earned within 90 days prior to the filing of the debtors' petition.

> The UEF, pursuant to KRS 342.760(4), shall be responsible for the payment of compensation when there has been default in the payment of compensation due to the failure of an employer to secure payment of compensation as provided by this chapter. Such employer shall be liable for payment into the fund of all the amounts authorized to be paid therefrom under the authority of this subsection including reimbursement of the special fund of all liability apportioned to it and for the purposes of enforcing this liability the Labor Cabinet, for the benefit of the fund, shall be subrogated to all the rights of the person receiving such compensation from the fund. This provision shall apply to all pending claims upon which a final order has not been entered.

The UEF's claim in this case is for a workers' compensation claim it paid to an injured employee of the debtors pursuant to an Agreed Order Approving Settlement between the UEF and the employee. Paragraph 7 of this document states, "The Uninsured Employers' Fund specifically reserves all rights and remedies it retains

by law to seek recovery from City Enterprises and the Bersaglias for all amounts paid by the Uninsured Employers' Fund to the plaintiff, ..., pursuant to this Settlement Agreement." The UEF's rights and remedies are set out in KRS 342.790. The UEF's claim in bankruptcy is in the nature of a reimbursement claim.

The Bankruptcy Code section which assigns priorities to expenses and claims, 11 U.S.C. § 507, provides in pertinent part:

(a) The following expenses and claims have priority in the following order:

. . . . . .

(3) Third, allowed unsecured claims, but only to the extent of $4,300 for each individual or corporation, as the case may be, earned within 90 days of the filing of the petition or the date of the cessation of the debtor's business, whichever occurs first, for—

(A) wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual;

(For cases commenced before April 1, 1998, the dollar amount is $4,000.00.) The scope of this priority is limited by the plain language of the statute. In *In re Webster,* 126 B.R. 4 (Bkrtcy.D.Me.1991), the court was faced with a similar situation and a state statute (39 M.R.S.A. § 69) similar to KRS 342.175. There the court stated:

In employing the § 507(a)(3) priority, Congress employed precise language. It did not extend the priority's reach to workers' compensation benefits. ....

Were Maine to attempt to broaden the priority by statute, the effort would run afoul the Supremacy Clause. Congress may, and has, determined the extent of the wage priority. Having done so, its determination is exclusive, notwithstanding the content of state enactments with which it may collide.... The state law provision relied upon by [the claimant], however, does no more than establish that workers' compensation benefits are treated at par with

wage claims, in preference to other unsecured employer debts, as a matter of state law. Thus, in the bankruptcy context, 39 M.R.S.A. § 69 is of no moment.

At 5–6. *See also In re Lull Corporation,* 162 B.R. 234 (Bkrtcy.D.Minn.1993).

The UEF cites *In re Hall–Luton Coal Mining Co.,* 29 F.Supp. 484 (W.D.Ky. 1939), in support of its position. This case was decided under the Bankruptcy Act. The Act included § 63 (11 U.S.C. § 103), entitled "Debts Which May Be Proved." Included among such debts were "(6) an award of an industrial-accident commission, body, or officer of any State having jurisdiction to make awards of workmen's compensation in case of injury or death from injury, if such injury occurred prior to adjudication; ..." There is nothing in this definition to suggest that a workers' compensation award was equated with wages, but based on this provision and the predecessor to KRS 342.175, the *Hall–Luton* court decided that the claim for benefits should be given priority as a claim for wages.

Prior to the inclusion of compensation awards as provable claims, the Second Circuit Court of Appeals had held in *Lane v. Industrial Com'r of New York,* 54 F.2d 338 (2nd Cir.1932), that a compensation award was not entitled to priority in a bankruptcy case, but based its decision on the fact that such awards were not "provable claims" in bankruptcy. Later, that court in *Dearborn Mfg. Corporation v. Klipstein,* 92 F.2d 417 (2nd Cir.1937) (cited by the *Hall–Luton* court), held that a workman's claim for compensation, now allowed under § 63 of the Bankruptcy Act, as amended, was entitled to priority. The court based its decision, however, on § 64(7) of the Bankruptcy Act (11 U.S.C. § 104), which provided a priority for "debts owing to any person who by the laws of the states or the United States is entitled to priority; ..." In neither case did the court equate compensation awards with "wages." In any event, the Bankruptcy Code provides for no such priority as was found in § 64(7).

In another pre-Code case, *In re Raiken*, 33 F.Supp. 88 (D.N.J.1940), a compensation award was found not to be "wages" entitled to priority under the New Jersey priority statute. The *Raiken* court stated:

It should be noted that in treating with the subject of wages, the Bankruptcy Act does so strictly in the sense of wages as such and not in the sense that compensation insurance income could be construed as wages.... [Section] 64, sub. b(5) ... clearly refers to earned wages only, which is to say, to wages based upon services rendered. Monies to be paid for occupational injuries can not reasonably be so classified. Nor can the language of the state statute result in such a finding, since the state is powerless to amend the federal statute.

At 89.

This Court agrees with those decisions which refuse to extend the scope of "wages" to workers' compensation benefits, and therefore hereby orders that the trustee's Objection to Proof of Claim # 47 is sustained, and the claim of the Uninsured Employers' Fund is allowed in its entirety as an unsecured non-priority claim.